UNITED STATES of America, Plaintiff,

v.

Donald TRETTENARO, Gerald Syslo, Defendants.

UNITED STATES of America, Plaintiff,

v.

Richard Jerome HANDY, Defendant.

UNITED STATES of America, Plaintiff,

v.

Frank Douglas ESCOVE, Defendant.

Crim. A. Nos. 84–CR–16, 84–CR–67 and 84–CR–74.

United States District Court, D. Colorado.

Jan. 25, 1985.

Andrew A. Vogt, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Rollie Rogers, Denver, Colo., for Trettenero.

John Richilano, Asst. Federal Public Defender, Denver, Colo., for Syslo.

Richard Jerome Handy, pro se.

Jesse J. Garcia, Hayward, Cal., Lee D. Foreman, Denver, Colo., for Escove.

## MEMORANDUM OPINION

JOHN P. MOORE, District Judge.

This matter was heard *sua sponte* upon my determination that prior orders setting restitution pursuant to 18 U.S.C. § 3579 may have been incorrect. New evidence has been presented, and I now conclude my concern was well founded; therefore, upon reconsideration I believe the previous orders for restitution must be modified in the cases of Defendants Trettenaro, Syslo, and Handy. In view of Mr. Escove's voluntary pre-conviction payments to a victim of the offense, as I shall detail later, I conclude requiring him to make further restitution is unwarranted.

The cases involving these defendants arise from the theft and interstate transportation of approximately 7,421 pounds of silver bearing sludge. The material was taken from the Windsor, Colorado, plant of the Eastman Kodak Co. (Kodak) and ultimately delivered to a plant in Jackson, Ohio, where silver was extracted from the sludge. Kodak has subsequently recovered a substantial amount of the processed

silver, but an equally substantial quantity has been lost.

As a victim of this offense, Kodak has filed with the U.S. Attorney a statement of its claimed losses. In addition to claiming the value of the unrecovered silver, Kodak has claimed other sums associated with the criminal transaction which Kodak asserts must constitute a part of the "value" of its loss pursuant to 18 U.S.C. § 3579(b)(1)(B)(i). Included are claims for repair costs to a semi-tractor, windows, and carts used for conveyance of sludge, as well as the value of padlocks, radios, and a bolt cutter destroyed or lost by some of the defendants during the transaction. While the defendants admit the basis for the assertion of these claims is legally proper, they dispute the validity of the amounts asserted for some items.

Other associated costs incurred by Kodak are contested by defendants as beyond the purview of the statute. Kodak asserts claims for costs incurred in the recoveries of the refined silver and its transportation to Kodak's Rochester, New York, facility. Kodak also claims attorney fees; travel costs for employees; costs associated with Kodak's own internal investigation of the theft; interest on the value of unrecovered silver; and a reward paid by Kodak for information which led to the arrest of the defendants. In my judgment, the defendants' objections to these claims are well founded.

The government asserts the purpose of § 3579 is to make whole the victim; hence when a corporate victim sustains costs incurred as a consequence of a property offense, those costs should be recognized as part of the loss defined in § 3579(b)(1)(B). Moreover, it is urged, when the corporate victim undertakes and achieves the recovery of the lost property, thus minimizing its losses, it should not be "penalized" by not being allowed to recover from the defendants the costs of that recovery. Finally, it is argued that costs arising as a consequence of the loss of property, but not otherwise attributable to the "value" of lost property should be recoverable.

■ While I can see the social value in complying with the government's theory, I believe its plea is better addressed to the Congress. First, I am not certain the intent of Congress was to "make whole" the victim. Second, the government admits the statute permits the claimed allowances only upon construing the statute by inference based on the legislative history. Yet, the plain language of the law clearly is more circumscribed than allowance of the victim's claim would permit. It has become almost shibbolethic that by resort to legislative history, a court may not construe an act of Congress when the meaning of the statute is clear on its face. *Ex parte Collett*, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949); *T.V.A. v. Hill*, 437 U.S. 153, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978); *Glenn v. U.S.*, 571 F.2d 270 (5th Cir.1978); *U.S. v. Mehrmanesh*, 689 F.2d 822 (9th Cir.1982). In this case, it is beyond cavil that the statute limits the definition of a compensible loss to "damage *to* or loss or destruction *of* property of a victim...." (Emphasis added.)

■ Clearly, the loss must be from physical injury to the property; therefore, care must be taken not to confuse that injury with the concept of "damages" normally attributable to the tortious loss of property. Thus, a victim can be compensated for the cost of repairs to the injured property, but not for interest on money required to replace the injured property. In the same vein, expenses connected with the recovery of stolen property are not compensible as those expenses are not "damage to or loss or destruction of property." The same can be said for the remaining categories of loss asserted and contested here.

■ By contrast, it is uncontested that during the course of the offense, windows were broken and carts were damaged. These items were repaired, and the cost of those repairs falls within the ambit of § 3579(b)(1). As there is no controversy over the cost of those repairs, I find Kodak

should be compensated in the amount of $935.00 therefor.

Likewise, the lost or destroyed padlocks and bolt cutter replaced at the cost of $160.00 must be included in the value of the property under § 3579(b)(1)(B). The uncontested cost of this replacement is $160.00.

Two other asserted losses have been disputed on the facts alone. Kodak claims two radios were taken or destroyed, and it claims $3,934.00 for the loss. Additionally, a semi-tractor was taken from the Windsor plant and used by defendants to haul away the stolen sludge. When the tractor was recovered, three of its motor mounts were broken, and repairs costing $689.00 were undertaken.

■ Defendants have disputed the claimed cost for the lost radios because Kodak was unable to establish the value thereof on either the date they were lost [18 U.S.C. § 3579(b)(1)(B)(i) ] or the date of sentencing [18 U.S.C. § 3579(b)(1)(B)(ii) ]. The testimony established only the original cost and the replacement cost of the equipment, and neither falls within the statutory basis of the value to be awarded. The value to be accorded lost property is its own value on the precise statutory dates, and had Congress intended some other measure of worth be employed, it could have easily said so. Accordingly, the government has not satisfied its burden of proof on this claim. 18 U.S.C. § 3580(d).

■ Defendants also contest the inclusion of the costs of repair to the tractor. The only evidence offered by the government was the tractor was damaged when it was recovered, and the cost of repairs was $689.00. Defendant Syslo, an experienced truck driver, testified, however, the tractor was approximately 12 years old, in deteriorated state, and used by Kodak only on its own premises to haul trailors within its yard. On the basis of his twenty-odd years as a long distance truck driver, he testified he did nothing in driving the truck to cause damage to the motor mounts. Indeed, because of the nature of the tractor, he exert-

ed great care in driving to avoid a breakdown to avert discovery.

In light of this testimony, I am unpersuaded that the acts of the defendants are any more the cause of Kodak's injury to the tractor than the tractor's age and state of deterioration. Because the burden of proof is the government's, risk of nonpersuasion falls upon the victim. Accordingly, the unconvincing nature of the testimony persuades me to deny the claim for repairs to the tractor.

The major loss incurred by Kodak was the loss of silver. It is agreed that after credit for recovered silver is allowed, the value of unrecovered silver is $73,068.00. When this value is added to the values previously discussed, Kodak's loss amounts to $74,163.00. Having reached that determination, only half of my responsibility has been acquitted.

■ In determining the amount of restitution, the Court is obliged to make inquiry into the financial condition of the defendant and the defendant's dependents. 18 U.S.C. § 3580(a). However, the burden of establishing the financial resources and earning ability of the defendant and his dependents falls not upon the government but upon the defendant. 18 U.S.C. § 3580(d). Thus, when the amount of the loss is established, but the defendant fails to produce any financial evidence, the Court must presume the defendant's ability to fully pay his share of the loss. To put it another way, when no financial evidence is introduced by the defendant, the defendant's ability to pay does not become a consideration in the Court's determination of the amount of restitution to order.

In this case, only defendant Syslo has offered financial evidence at the hearing. Defendant Handy stated he cannot return to his former employment in security or law enforcement, and Defendant Trettanaro indicated he received only $8,000.00 for his participation. Defendant Escove's presentence investigation report indicates he borrowed $170,000.00 and paid that sum over to A-Mark Precious Metals, a metals

broker that was also a victim of this offense.

Defendant Syslo testified as a truck driver he normally netted $14,000.00 per year. He also stated he was learning carpentry and hoped that skill would permit him to earn another $12,000.00 per year. He is married and has three teenaged children. His family expenses normally amount to approximately $12,000.00 per year, and he has other debts totaling some $21,000.00, on which he expects to make payment of approximately $7,000.00 per year until paid. His wife is presently working, but the amount of her income was not established.

From the basis of this evidence, it would appear defendant Syslo would have no ability to pay from his earnings as a truck driver, and it would be only through the presently speculative income from carpentry that there would be any source for payment of restitution. The presently speculative basis of those earnings has not been contested, and it must be considered.

Defendant Handy has already made a payment to Kodak valued at $4,493.21. Any responsibility of his for restitution must be offset by this value.

Having made these considerations, I am left with one perplexing question. Congress has given us no guidance in the case of multiple defendants. Should all be jointly and severally liable in the nature of joint tortfeasors, or should the amount of loss be shared in accordance with each defendant's ability to pay? I think two inferences control.

 First, the award of restitution is discretionary.[1] Thus, I infer the question of joint or several liability may be decided in the Court's discretion as well.

Second, as already noted, the defendant's individual financial condition is to be considered in setting the amount of restitution. This suggests to me each defendant should be treated as an individual.

 In this case, each defendant played a different role, in which the degree of culpability varied. They were not charged with the same offense. Their criminal activity in relation to the victim's losses was varied. Consequently, in the exercise of the discretion I perceive, I do not believe this is an appropriate case in which to assess a joint and several liability for the defendants.

Accordingly, starting with the total loss of $74,163.00, I divide that by the number of defendants. That leaves an initial cost of loss in the amount of $18,540.75 per defendant. Taking into consideration the financial factors I have discussed, I conclude defendant Trettanaro should pay the full amount of his share, defendant Handy should pay $14,047.54, defendant Syslo $10,000.00, and defendant Escove nothing. Appropriate orders will enter.

---

1. *See* § 3579(a) wherein it is suggested the Court *may* award restitution and § 3580(a) where the amount to be awarded is based upon factors "the Court deems appropriate."