**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JAMES ALLEN FANNING,

  Defendant-Appellant.

No. 00-5066
(D.C. No. 92-CR-28)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McKAY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner appeals the denial of his "Motion to Correct Restitution Order." We affirm.

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In addition to a term of incarceration, petitioner and two co-defendants were sentenced to pay restitution to the government in the amount of $6,103.30 as a result of their convictions for conspiracy, assault with intent to rob a postal employee, possession of a firearm during commission of a violent felony, and forgery of postal orders. The judgment states that "[t]he defendant shall pay restitution of $6,103.30 to the Talala Post Office and the United States Post Office, jointly and severally with codefendants . . . ." R. tab 32 at 3.

Petitioner argues that because he has paid approximately one-third of the total amount, he should be released from further responsibility for restitution. The district court denied petitioner's motion both initially and upon reconsideration.

As the district court explained, petitioner is mistaken as to the meaning of joint and several liability. *See id.* tab 70 at 1. "By definition, being jointly and severally liable means that each individual remains responsible for payment of the entire liability, so long as any part is unpaid." *United States v. Scop*, 940 F.2d 1004, 1010 (7th Cir. 1991); *see also McKinnon v. City of Berwyn*, 750 F.2d 1383, 1387 (7th Cir. 1984).

Petitioner's reliance on *United States v. Trettenaro*, 601 F. Supp. 183 (D. Colo. 1985), is inapposite. *Trettenaro* merely stands for the proposition that the imposition of restitution jointly and severally is a matter of discretion for the

sentencing court. *See id.* at 187. Petitioner does not argue that the district court abused its discretion in imposing joint and several liability for the payment of the restitution.[1]

Petitioner's motion to proceed without prepayment of costs or fees is granted. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[1] Petitioner's first § 2255 motion was denied by the district court on April 12, 1994. To the extent petitioner is implicitly mounting a collateral attack on his sentence, we note that such action is barred as a successive § 2255 motion. *See* 28 U.S.C. §§ 2244(a), 2255.