F. M. Bush, III, Tupelo, Miss., for plaintiffs-appellants.

H. M. Ray, U. S. Atty., Oxford, Miss., Scott P. Crampton, Asst. Atty. Gen., Tax Div., Robert A. Bernstein, Gilbert S. Rothenberg, Gilbert E. Andrews, Acting Chief, App. Section, Dept. of Justice, Washington, D. C., for defendant-appellee.

**Coy F. GLENN and Peggy Glenn, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 76–3029.**

United States Court of Appeals, Fifth Circuit.

April 13, 1978.

Before TUTTLE, CLARK and MORGAN, Circuit Judges:

PER CURIAM:

This is an appeal in a tax case. The facts are not in dispute. The appellants, Coy F. and Peggy Glenn, sustained a net operating loss of $85,526.85 in 1970. Under the provisions of I.R.C. § 172 (which relates to "net

operating loss carrybacks") appellants were entitled to carry the loss back, resulting in a $41,995.56 overpayment in 1967. Pursuant to an extension granted by the I.R.S., appellants' return for the loss year, 1970, was not filed until September 13, 1971.[1] Their administrative claim for refund was filed on April 26, 1974. In an action to recover the overpayment, the United States District Court for the Northern District of Mississippi dismissed for lack of jurisdiction, holding that appellants' claim for refund had not been filed within the time limits prescribed by I.R.C. § 6511. On appeal, appellants concede that a timely filing is jurisdictional, but argue that their claim was in fact filed within the statutory period. We affirm.

■ The normal period of limitation on filing a claim for refund is "3 years from the time the return [for the loss year] was filed." I.R.C. § 6511(a). However, when a net operating loss is involved, special rules are provided by I.R.C. § 6511(d)(2)(A):

If the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback or a capital loss carryback, *in lieu of* the 3-year period of limitation prescribed in [§ 6511(a)], the period shall be that period which ends with the expiration of the 15th day of the 40th month . . . following the end of the taxable year of the net operating loss . . . which results in such carryback, *or* the period prescribed in [§ 6511(c)] in respect of such taxable year, whichever expires later . . . .
[emphasis added]

Section 6511(c), referenced in the above quote, provides a rule applicable in case of an "extension of time by agreement." Specifically, I.R.C. § 6511(c)(1) provides:

If an agreement under the provisions of section 6501(c)(4) extending the period for assessment of a tax . . . is made within the [3-year] period pre-

scribed in [§ 6511(a)] for the filing of a claim for credit or refund—

(1) . . . The period for filing claim for credit or refund . . . shall not expire prior to 6 months after the expiration of the period within which an assessment may be made pursuant to the agreement . . . . .

The "agreement" referenced above contemplates a written agreement between the taxpayer and the Government to extend the normal period for assessment of additional taxes. I.R.C. § 6501(c)(4). The normal period for such an assessment is three years from the date the return is actually filed. I.R.C. § 6501(a). The appellants concede that the extension for the filing of the 1970 return is not an "agreement extending the period for assessment of a tax" referred to in the provision. Thus, the alternative in § 6511(d)(2)(A) is not available to the taxpayers here.

■ The statute, then, clearly requires that in the case of these taxpayers, the claim for refund should have been filed by April 15, 1974. There being no statutory ambiguity, the court may not consider the legislative history or other rules of construction in aid of the appellants' contention that the period be changed to that within which the Commissioner may assess additional taxes (3 years from the date of actual filing of a return).

The judgment is AFFIRMED.

___

1. The extension actually required the return to be filed by July 15, 1971. Although the record does not explain why the return was not filed until September 13, 1971, the parties agree that the additional time involved is not relevant to the question presented on appeal.