**In re B.A.V., INC., Debtor.**

**Bankruptcy No. 86 B 6286 E.**

United States Bankruptcy Court,
D. Colorado.

Dec. 30, 1986.

William D. Nelsch, Denver, Colo., for debtor.

Janet G. MacFarlane, Denver, Colo., Chapter 12 Trustee.

## ORDER ON MOTION TO CONVERT

CHARLES E. MATHESON, Bankruptcy Judge.

The within Chapter 11 case was filed by the Debtor herein on July 14, 1986. The Debtor, a family-owned corporation which is engaged in the farming business, has filed a motion to convert the pending Chapter 11 case to Chapter 12 as recently enacted pursuant to subtitle B of Title II of H.R. 5316 Pub.Law 99–554, the "Bankruptcy Judges, United States Trustees, and Family Farmers Act of 1986" (hereinafter cited as the "Act"). The right to convert from a Chapter 11 to a Chapter 12 case has been provided by Section 256 of the Act, which amended 11 U.S.C. § 1112 to allow conversion to Chapter 12 if such conversion is equitable.

Generally speaking, the amendments to Title 11 of the United States Code made by the Act took effect thirty days after the date of the enactment of the Act. Act § 302(a). The President signed the Act on October 27, 1986, thereby making most of the amendments effective on November 26, 1986. However, Section 302(c) of the Act specifies as follows:

> (c). Amendments Relating to Family Farmers—(1) The amendments made by subtitle B of Title II shall not apply with respect to cases commenced under Title 11 of the United States Code before the effective date of this Act.

Counsel has argued that Section 302(c) is ambiguous. In particular, counsel argues that it would be appropriate to read the phrase "before the effective date of this Act" as modifying the introductory phrase so that the Section, it is argued, should properly be read as follows:

> (1) The amendments made by subtitle B of Title II shall not apply before the effective date of this Act with respect to cases commenced under Title 11 of the United States Code.

In light of the Conference Committee Report on the Act, which Report indicates that the writer of the Report, at least, contemplated that Chapter 11 cases pending on the effective date of the Act should be allowed to convert, the argument made by counsel is appealing. *See*, H.Rept. 958, 99th Cong., 2d. Sess. 132 Cong.Rec.H. 8999. However, to so read the section would not only make it gramatically incorrect, it would make the entire section superfluous since it is clear under any circumstances that a pending Chapter 11 case could not be converted to Chapter 12 until such time as Chapter 12 actually came into effect.

The problem of interpreting language such as that presented in Section 302(c) has previously been considered by the United States Supreme Court in the case of *Central Trust Company v. Official Creditors' Committee*, 454 U.S. 354, 102 S.Ct. 695, 70 L.Ed.2d 542 (1982). In that case, the Supreme Court considered the transition provisions enacted at the time the Bankruptcy Code took effect on November 1, 1979. P.L. 95–598, § 403(a). In the *Central Trust* case the Debtor had filed a motion to dismiss his Chapter XI case, which had been filed in August 1979, so that it could be refiled after November 1, 1979, under the new Code. The United States Supreme Court considered the language provided for in the transition statute and denied the right to dismiss and refile. In doing so the Supreme Court quoted its prior decision in *Caminetti v. United States*, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917) as follows:

> It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms. *Central Trust Co. v. Official Creditors' Committee*, 454 U.S. at 359–60, 102 S.Ct. at 697–98.

In this Court's view, there is no need to go behind the clear language of the statute. There is no ambiguity in the statute. It is specific in providing that the amendment *"shall not apply"* to cases filed prior to the Act's effective date. Act, § 302(c)(1). There is only an ambiguity between the Act and the Conference Report. The Conference Report, however, is not the law, and the Court need not attempt to divine what prompted the Conference Committee to issue the report in the manner in which it was issued. As the Supreme Court has admonished, the sole function of this Court is to enforce the Act according to its terms.

According to the express terms of Section 302(c), the amendment to Section 1112(d) does not apply to cases which were pending on the effective date of the Act. Thus, there is no statutory authority to permit such conversion and the motion to convert must, therefore be, and hereby is, denied.