**In re Rayburn D. PETTY and Ezzie Petty, Debtors.**

Bankruptcy No. 86–06775(11).

United States Bankruptcy Court, N.D. Alabama.

Jan. 21, 1987.

Steve Bussman, Fort Payne, Ala., for debtors.

Richard O'Neal, U.S. Atty's. Office, Birmingham, Ala., for Farmer's Home Admin.

OPINION AND ORDER ON MOTION TO CONVERT CHAPTER 11 CASE TO A CASE UNDER CHAPTER 12

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled case is presently pending under the provisions of title 11, chapter 11, United States Code. The petition was filed, and the case commenced, on August 28, 1986. On December 12, 1986, the debtors filed a motion to convert the case to a case under chapter 12 of title 11. An objection to the motion was filed by the United States of America, on behalf of the Farmer's Home Administration. The objection was based on Title III, § 302(a) and § 302(c)(1) of the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, H.R.Rep. No. 958, 99th Cong., 2d Sess. (1986), U.S.Code Cong. & Admin.News 1978, p. 5787, (hereinafter, "the Act").

The Act was enacted on October 27, 1986. Subtitle B of title II of the Act adds a new chapter, entitled "Chapter 12", to title 11, United States Code, for the relief of financially-distressed family farmers. Section 256 of that subtitle amends the provisions of 11 U.S.C. § 1112 so as to permit the conversion of a case under chapter 11 to a case under chapter 12 under certain designated circumstances.

Title III of the Act, entitled "Transition and Administrative Provisions" provides in § 302(a) that, with certain specified exceptions, among them being subsection (c) of that section, the Act and the amendments made thereby shall take effect 30 days after the date of the enactment of the Act. Thus, as a general proposition, the Act and the amendments became effective on November 26, 1986. However, subsection (c)(1) of section 302 provides that "[t]he amendments made by subtitle B of title II shall not apply with respect to cases commenced under title 11 of the United States Code before the effective date of this Act."

Thus, by virtue of the plain language of § 302(c)(1) of Title III of the Act, the amendments relating to family farmers are inapplicable to cases which were pending under title 11 on the effective date of the Act. The debtors argue, however, that notwithstanding the provisions of § 302(c)(1), it was the intent of Congress that a case commenced under chapter 11, title 11, prior to November 26, 1986, be converted to a case under chapter 12 if it is equitable to do so. In support of this position, the debtors rely on the committee comments which follow the Act and which state, in pertinent part, that "[i]t is not intended that there be routine conversion of chapter 11 and 13 cases, pending at the time of enactment, to chapter 12. Instead, it is expected that courts will exercise their sound discretion in each case, in allowing conversion only where it is equitable to do so."

This Court is not prepared to abandon a logical interpretation of the unambiguous language of § 302(c)(1) in favor of the committee comments which implicitly contra-dict the plain meaning of the statute. The former Fifth Circuit has stated, and this Court agrees, that "[t]he most persuasive evidence of Congressional intent is the wording of the statute." *Sierra Club v. Train*, 557 F.2d 485 at 489 (5th Cir.1977), *citing, United States v. Am. Trucking Ass'ns.*, 310 U.S. 534, 542, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1939). Where, as here, the statutory language is clear and unambiguous, the intent expressed therein must be given effect as meaning exactly what it says. *Stewart v. Jones*, 35 B.R. 392, 394 (S.D.Ala.1983), *citing, Kimbrell v. State*, 272 Ala. 419, 132 So.2d 132, 137 (1961).

The Court finds that, based on the provisions of P.L. 99–554, Title III, Section 302(c)(1), the debtors' motion to convert their chapter 11 case to a case under chapter 12 of title 11, United States Code, is due to be denied.

### ORDER

It is, therefore, ORDERED by the Court that the objection of the Farmer's Home Administration to the debtors' motion to convert is sustained, that the motion of the debtors to convert the case to a case under chapter 12 is denied, and that the clerk shall send a copy of this order through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtors, the debtors' attorney, the United States attorney for this district (attn. Richard O'Neal, Esquire), the creditors or their attorney (if any), and the United States trustee.