In re Glenn Frederick **LITTERAL**, Jr. and Barbara Stuckey Litteral, Debtors.

In re **LITTERAL FARMS, INC.**, Debtor.

Bankruptcy Nos. 486–02259–LC–11, 486–02260–LC–11.

United States Bankruptcy Court, W.D. Louisiana.

Jan. 22, 1987.

John Anderson, Baton Rouge, La., for debtors.

Mary L. Fullington and Wade N. Kelley, Lake Charles, La., for Creditor, Federal Land Bank.

## MEMORANDUM OPINION AND ORDER

W. DONALD BOE, Jr., Bankruptcy Judge.

This matter comes before the court on a motion filed by debtors for a new trial. The motion essentially seeks reconsideration of this court's denial of a motion to convert these two Chapter 11 cases to cases under Chapter 12 of the Bankruptcy Code. Opposing memoranda on this issue have been submitted by the debtor and the Federal Land Bank, the major creditor. For the reasons set forth below, the motion is denied.

On October 27, 1986, the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Public Law No. 99–554, became law. Section 255 of that Act added a new Chapter 12 to the Bankruptcy Code. Chapter 12 provides for adjustment of the debts of a family farmer with regular annual income. Section 256 of the 1986 Act amends the conversion provisions of Section 1112(d) of the Bankruptcy Code to allow the conversion of a Chapter 11 case to Chapter 12 if conversion is "equitable". However, a different provision, Section 302 of the 1986 Act, part of the "Transition and Administrative Provisions" of the 1986 Act, provides that amendments made by Subtitle B of Title II (which include the addition of Chapter 12 and the amendment to Section 1112 that allows conversion) "shall not apply with respect to cases commenced under Title 11 of the United States Code before the effective date of this Act." The effective date of the Act was November 26, 1986. The two Chapter 11 cases under consideration were commenced prior to that time. The language of Section 302 precludes conversion of these Chapter 11 cases to cases under Chapter 12. Such was this court's ruling upon the debtor's motion to convert. That conclusion was supported by the "Special Supplement" to *Collier on Bankruptcy*, p. C–8 (1986):

"The amendments relating to family farmers (Subtitle B of Title II) do not apply to cases commenced before the effective date of the Act (30 days after October 27, 1986) (§ 302(c)(1)). This includes the conversion provisions in §§ 706, 1112, and 1307; thus a pending case cannot be converted to Chapter 12."

The debtors' attorneys urge there is ambiguity or conflict between Section 256 and Section 302 that would justify resort to legislative history. These statutory provisions do not conflict with one another. Section 256 does not provide, as they contend, that conversion may take place "without regard to whether the case was pending at enactment of Chapter 12". No such language appears in Section 256. Debtors' attorneys also resort to legislative history in an attempt to find conflict or ambiguity. They then urge that the court should rely on the same legislative history in preference to the statutory language of Section 302. The court concludes it would be inap-

propriate to rely on the legislative history they cite, that Section 302 bars conversion of cases pending when the 1986 Act became law, and that Section 302 represents the final expression of the intent of Congress on this issue.

Specifically, the debtors' motion relies on a committee report that accompanies the text of Section 256. However, this aspect of the legislative history of Section 256 does not deal with Section 302 of the Act. Section 302 clearly prevents cases pending before enactment of Chapter 12 from being converted to cases under Chapter 12. Committee commentary on Section 256 cannot overcome the clear prohibition in Section 302, a "transitional" provision, against converting a pending Chapter 11 case to a case under Chapter 12. This Court can reach no conclusion other than to deny conversion of these cases and the motion for a new trial.