**In re John R. BARCLAY and Kim M. Barclay, Debtors.**

**Bankruptcy No. 86-82185.**

United States Bankruptcy Court, C.D. Illinois.

Jan. 28, 1987.

Barry M. Barash, Barash, Stoerzbach & Henson, Galesburg, Ill., for debtors.

Brett A. Kepley, Reno, O'Byrne & Kepley, P.C., Champaign, Ill., for Connecticut General Life Insurance Company.

## DECISION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter came on to be heard on the Debtors' motion to convert their pending

Chapter 11 to a Chapter 12. The Chapter 11 was filed on August 26, 1986.

This motion presents the issue of whether farm debtors who had filed a bankruptcy proceeding under Chapter 11 of the Bankruptcy Code prior to the effective date of the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, (the "Act"), may convert to a Chapter 12 proceeding. At the hearing it was agreed that the Court must first determine whether conversion is prohibited as a matter of law. If the Court determines that it is not, it must then determine whether it would be equitable, under the particular facts of the case, to permit the Debtors to convert to a Chapter 12 case.

Section 256 of the Act is entitled "Conversion from Chapter 11 to Chapter 12" and amends Section 1112(d) of the Bankruptcy Code, so that it now reads as follows:[1]

"(d) The court may convert a case under this chapter to a case under chapter 12 or 13 of this title only if—

(1) the debtor requests such conversion;

(2) the debtor has not been discharged under section 1141(d) of this title; and

(3) if the debtor requests conversion to chapter 12 of this title, such conversion is equitable."

Section 302 of the Act is entitled "Effective Dates; Application of Amendments" and subsection (c) provides as follows:

"(c) Amendments Relating to Family Farmers.—(1) The amendments made by subtitle B of title II shall not apply with respect to cases commenced under title 11 of the United States Code before the effective date of this Act."

However, the joint explanatory statement of the committee of conference states as follows:

"It is not intended that there be routine conversion of Chapter 11 and 13 cases, pending at the time of enactment,

to Chapter 12. Instead, it is expected that courts will exercise their sound discretion in each case, in allowing conversions only where it is equitable to do so.

Chief among the factors the court should consider is whether there is a substantial likelihood of successful reorganization under Chapter 12.

Courts should also carefully scrutinize the actions already taken in pending cases in deciding whether, in their equitable discretion, to allow conversion. For example, the court may consider whether the petition was recently filed in another chapter with no further action taken. Such a case may warrant conversion to the new chapter. On the other hand, there may be cases where a reorganization plan has already been filed or confirmed. In cases where the parties have substantially relied on current law, availability to convert to the new chapter should be limited."

Section 302(c) of the Act provides that Chapter 12 is not to apply to the cases pending prior to the Act's effective date. The debtors argue that Section 256, by amending Section 1112, specifically authorizes the conversion of their case to a Chapter 12. In support of their interpretation of Section 256, they rely on the above cited legislative history.

At first reading, it might appear that there is a conflict between Sections 302(c) and 256 of the Act. However, in construing a statute, courts attempt to interpret language in one section of the statute consistently with the language of other sections of the statute as a whole. *Norfolk & Western Ry. Co. v. United States*, 768 F.2d 373 (D.C.1985); *Atchison, T. & S.F. Ry. Co. v. United States*, 617 F.2d 485 (7th Cir.1980). This court believes that it is possible to interpret Sections 302 and 256 so as to give meaning to both sections in an unambiguous manner. This court believes that Section 302(c) was intended to prohibit

1. This section was amended (1) by inserting "12 or" before "13"; (2) in paragraph (1) by striking out "and" at the end thereof; (3) in paragraph (2) by striking out the period at the end thereof and inserting "; and"; and (4) by inserting after paragraph (2) the following: "(3) if the debtor requests conversion to chapter 12 of this title, such conversion is equitable."

the conversion of any bankruptcy matters pending prior to the effective date of the Act to a Chapter 12 proceeding.

Section 256 was intended to amend Section 1112 to provide a method for conversion of cases filed after the effective date of the Act as other than a Chapter 12. Prior to the amendment of Section 1112, that section provided for the conversion of an 11 to a 13, and all the amendment did was to permit an 11 to be converted to a 12 or a 13. Such an interpretation gives meaning to both Sections 302 and 256. If a contrary interpretation was reached, meaning would be given to Section 256 but there could be no meaning given to Section 302(c).

There is also a principle of statutory interpretation that courts do not look to legislative history if the statutory language is clear and unambiguous. *United States v. Oregon*, 366 U.S. 643, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961); *Glenn v. United States*, 571 F.2d 270 (5th Cir.1978); *Doski v. M. Goldseker Co.*, 539 F.2d 1326 (4th Cir.1976). As this Court has indicated, it believes the statutory language is clear and unambiguous. Therefore, there is no need to refer to the legislative history.

In support of this result, this Court would refer to two other principles of statutory interpretation. The first is that a later section of a statute controls over an earlier section of the statute. *Lodge 1858, Am. Fed. of Gov't. Emp. v. Webb*, 580 F.2d 496 (D.C.Cir.1978) and cases cited therein. In this particular case, the later provision was found in Section 302(c) of the Act and would prohibit a conversion. The final principle is that a specific action of Congress controls over a general action. *Estate of Flanigan v. Com'r. Internal Revenue*, 743 F.2d 1526 (11th Cir.1984); *Aeron Marine Shipping Co. v. United States*, 695 F.2d 567 (D.C.Cir.1982). Section 302(c) is specifically directed to the question of conversion and is quite clear in prohibiting it, while Section 256 can be considered more of a general amendment to Section 1112. Lastly, this Court notes that its decision is in accord with the majority of bankruptcy courts which have ruled on the issue. *In re Waetjen*, Case No. BKY 4–86–3335, Nov. 26, 1986 (Bkrtcy.D.Minn.) (unreported decision); *In re Groth*, 69 B.R. 90 (Bkrtcy. D.Minn.1987); *In re B.A.V., Inc.*, 68 B.R. 411 (D.Colo.).

In conclusion, it is the opinion of this Court that a farm debtor whose Chapter 11 case was pending on the effective date of the Act may not convert to a Chapter 12 proceeding, as a matter of law. Because of that determination, this Court need not determine whether it would be equitable to permit the Debtors to convert their case.

Accordingly, IT IS ORDERED that the motion to convert is DENIED.