In re Wayne Rodney **LINDSEY** and Margaret A. Lindsey, Debtors.

Bankruptcy No. 185–00938.

United States Bankruptcy Court, C.D. Illinois.

Jan. 30, 1987.

See also, 64 B.R. 19.

Carl F. Reardon, East Peoria, Ill., for debtors.

Guilbert H. Brown, Lucas, Brown, McDonald & Conolly, Galesburg, Ill., for First Galesburg Nat. Bank and Trust Co.

Douglas R. Lindstrom, Galesburg, Ill., for The Federal Land Bank of St. Louis.

DECISION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter came on to be heard on the Debtors' motion to convert their pending

Chapter 7 to a Chapter 12. The Chapter 7 was filed on April 26, 1985.

This motion presents the issue of whether farm debtors who had filed a bankruptcy proceeding under Chapter 7 of the Bankruptcy Code prior to the effective date of the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, (the "Act"), may convert to a Chapter 12 proceeding. At the hearing it was agreed that the Court must first determine whether conversion is prohibited as a matter of law. If the Court determines that it is not, it must then consider The Federal Land Bank's contention that this Court lacks subject matter jurisdiction as well as whether, under the particular circumstances of this case, it would be equitable to permit the Debtors to convert.

Section 257 of the Act is entitled "Conforming Amendments", and among other things, amends Section 706 of Title 11 of the Bankruptcy Code, so that it now reads as follows:[1]

"Section 706. Conversion.

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1307, or 1208 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

(b) On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.

(c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests such conversion.

(d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter."

Section 302 of the Act is entitled "Effective Dates; Application of Amendments" and subsection (c) provides as follows:

"(c) Amendments Relating to Family Farmers.—(1) The amendments made by subtitle B of title II shall not apply with respect to cases commenced under title 11 of the United States Code before the effective date of this Act."

However, the joint explanatory statement of the committee of conference states as follows:

"It is not intended that there be routine conversion of Chapter 11 and 13 cases, pending at the time of enactment, to Chapter 12. Instead, it is expected that courts will exercise their sound discretion in each case, in allowing conversions only where it is equitable to do so.

Chief among the factors the court should consider is whether there is a substantial likelihood of successful reorganization under Chapter 12.

Courts should also carefully scrutinize the actions already taken in pending cases in deciding whether, in their equitable discretion, to allow conversion. For example, the court may consider whether the petition was recently filed in another chapter with no further action taken. Such a case may warrant conversion to the new chapter. On the other hand, there may be cases where a reorganization plan has already been filed or confirmed. In cases where the parties have substantially relied on current law, availability to convert to the new chapter should be limited."

Section 302(c) of the Act provides that Chapter 12 is not to apply to the cases pending prior to the Act's effective date. The debtors argue that Section 257, by amending Section 706, specifically authorizes the conversion of their case to a Chapter 12. In support of their interpretation of Section 257, they rely on the above cited legislative history.

At first reading, it might appear that there is a conflict between Sections 302(c) and 257 of the Act. However, in constru-

---

**1.** This section was amended (1) in subsection (a) by striking out "or 1307" and inserting in lieu thereof ", 1307, or 1208", and by striking out "or 13" and inserting in lieu thereof ", 12, or 13"; and (2) in subsection (c) by inserting "12 or" before "13".

ing a statute, courts attempt to interpret language in one section of the statute consistently with the language of other sections of the statute as a whole. *Norfolk & Western Ry. Co. v. United States*, 768 F.2d 373 (D.C.1985); *Atchison, T. & S.F.Ry.Co. v. United States*, 617 F.2d 485 (7th Cir. 1980). This court believes that it is possible to interpret Sections 302 and 257 so as to give meaning to both sections in an unambiguous manner. This court believes that Section 302(c) was intended to prohibit the conversion of any bankruptcy matters pending prior to the effective date of the Act to a Chapter 12 proceeding.

Section 257 was intended to amend Section 706 to provide a method for conversion of cases filed after the effective date of the Act as other than a Chapter 12. Prior to the amendment of Section 706, that section provided for the conversion of a 7 to an 11 or 13, and all the amendment did was to permit a 7 to be converted to a 12 or a 13. Such an interpretation gives meaning to both Sections 302 and 257. If a contrary interpretation was reached, meaning would be given to Section 257 but there could be no meaning given to Section 302(c).

There is also a principle of statutory interpretation that courts do not look to legislative history if the statutory language is clear and unambiguous. *United States v. Oregon*, 366 U.S. 643, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961); *Glenn v. United States*, 571 F.2d 270 (5th Cir.1978); *Doski v. M. Goldseker Co.*, 539 F.2d 1326 (4th Cir.1976). As this Court has indicated, it believes the statutory language is clear and unambiguous. Therefore, there is no need to refer to the legislative history.

In support of this result, this Court would refer to two other principles of statutory interpretation. The first is that a later section of a statute controls over an earlier section of the statute. *Lodge 1858, Am.Fed. of Gov't. Emp. v. Webb*, 580 F.2d 496 (D.C.1978) and cases cited therein. In this particular case, the later provision was found in Section 302(c) of the Act and would prohibit a conversion. The final principle is that a specific action of Congress controls over a general action. *Estate of Flanigan v. Com'r. Internal Reve-*

*nue*, 743 F.2d 1526 (11th Cir.1984); *Aeron Marine Shipping Co. v. United States*, 695 F.2d 567 (D.C.1982). Section 302(c) is specifically directed to the question of conversion and is quite clear in prohibiting it, while Section 257 can be considered more of a general amendment to Section 706. Lastly, this Court notes that its decision is in accord with the majority of bankruptcy courts which have ruled on the issue. *In re Waetjen;* Case No. BKY 4–86–3335, Nov. 26, 1986 (Bkrtcy.D.Minn.) (unreported decision); *In re Groth,* 69 U.S. 90 (Bkrtcy. D.Minn.1987); *In re B.A.V., Inc.,* 68 B.R. 411 (Bkrtcy.D.Colo.).

In conclusion, it is the opinion of this Court that a farm debtor whose Chapter 7 case was pending on the effective date of the Act may not convert to a Chapter 12 proceeding, as a matter of law. Because of that determination, this Court need not determine whether it has subject matter jurisdiction or whether it would be equitable to permit the Debtors to convert their case.

Accordingly, IT IS ORDERED that the motion to convert is DENIED.