**In re Clarence E. RAY and Doris E. Ray, Debtors.**

**Bankruptcy No. 86–20291–DPM.**

**Motion No. A.**

United States Bankruptcy Court,
E.D. Missouri, N.D.

Feb. 23, 1987.

Debtors moved to convert their Chapter 11 case to case under chapter 12. The Bankruptcy Court, David P. McDonald, J., held that Chapter 11 case that was already pending prior to effective date of Family Farmer Bankruptcy Act could not be converted to case under Chapter 12.

William C. McIlroy, Bowling Green, Mo., for debtors.

Austin Parham, Hannibal, Mo., for First Bank of Montgomery County.

Clifford H. Ahrens, Hannibal, Mo., for Federal Land Bank.

**MEMORANDUM OPINION**

DAVID P. McDONALD, Bankruptcy Judge.

**INTRODUCTION**

Debtors, husband and wife farmers, filed their voluntary Chapter 11 petition on October 23, 1986. On December 22, 1986, Debtors filed their Motion To Convert To Chapter 12. On January 14, 1987, the Court noticed the motion for a hearing on February 18, 1987. One creditor, the First Bank

of Montgomery County, formally objected to Debtors' motion. Upon the evidence adduced at the hearing, the argument of counsel, and the authorities cited below, the Court this date enters an Order denying Debtors' Motion To Convert To Chapter 12.

**JURISDICTION**

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), which the Court may hear and determine.

**DISCUSSION**

The issue in this case is whether a Chapter 11 case pending before November 26, 1986, the effective date of the Bankruptcy Judges, United States Trustees and Family Farmer Bankruptcy Act of 1986, Pub.L.No. 99–554, may be converted to Chapter 12. Although the Act amends Section 1112 of the Bankruptcy Code to provide that under certain circumstances a Chapter 11 case may be converted to Chapter 12, Section 302(c) of the Act provides that with respect to amendments relating to family farmers "the amendments ... shall not apply with respect to cases commenced under title 11 of the United States Code before the effective date of this Act." Reading Section 302(c) as supplying a clear and unambiguous directive against permitting conversion of such cases, seven bankruptcy courts have denied motions to convert Chapter 11 cases to Chapter 12. *In re Barclay*, 69 B.R. 552 (Bankr.E.D.Ill., 1987); *In re Spears*, 69 B.R. 511 (Bankr.S.D.Iowa, 1987); *In re Petty*, 69 B.R. 412 (Bankr.N.D. Ala., 1987); *In re Albertson*, 68 B.R. 1017 (Bankr.W.D.Mo., 1987); *In re Council*, 70 B.R. 20 (Bankr.W.D.Tenn., 1987); *In re B.A.V., Inc.*, 68 B.R. 411 (Bankr.D.Colo. 1986); *In re Tomlin Farms*, 68 B.R. 41 (Bankr.D.N.D.1986).

On the other hand, the legislative history contained in the Joint Explanatory Statement of the Committee of Conference strongly suggests that Congress intended that conversion be allowed in some cases pending on the effective date of the Act:

**"APPLICABILITY OF CHAPTER 12 TO PENDING CHAPTER 11 AND 13 CASES**

It is not intended that there be routine conversion of Chapter 11 and 13 cases, pending at the time of enactment, to Chapter 12. Instead, it is expected that courts will exercise their sound discretion in each case, in allowing conversions only where it is equitable to do so.

Chief among the factors the court should consider is whether there is a substantial likelihood of successful reorganization under Chapter 12.

Courts should also carefully scrutinize the actions already taken in pending cases in deciding whether, in their equitable discretion, to allow conversion. For example, the court may consider whether the petition was recently filed in another chapter with no further action taken. Such a case may warrant conversion to the new chapter. On the other hand, there may be cases where a reorganization plan has already been filed or confirmed. In cases where the parties have substantially relied on current law, availability to convert to the new chapter should be limited." 132 Cong.Rec. H8999 (daily ed. Oct. 2, 1986).

Reading this legislative history as authorizing conversion of pending Chapter 11 cases to Chapter 12, two bankruptcy courts have granted motions to convert. *In re Big Dry Angus Ranch, Inc.*, 69 B.R. 695 (Bankr.D.Mont., 1987); *In re Erickson Partnership*, 68 B.R. 819 (Bankr.D.S.D., 1987).

Having reviewed these cases, this Court concludes that the majority states the better reasoned view. None of the cited cases, however, addresses what this Court regards as an even more fundamental concern, namely, whether allowing conversion of pending cases would be constitutional under the Fifth Amendment's Due Process Clause and Takings Clause.

Chapter 12 significantly alters property rights which creditors with secured claims have in Chapter 11 farm cases. To mention but one example, Chapter 12 prevents secured creditors from exercising what is known as the "Section 1111(b) election." Section 1111(b) provides that, notwithstanding the general division of claims into secured and unsecured portions, secured creditors in Chapter 11 may elect to forego an unsecured deficiency claim and retain their full claim against the property. This option allows the creditor to retain its full lien on the property until either it is fully repaid or the property is sold, while requiring the debtor to make periodic payments based on the current value of the property. In this way, secured creditors retain the opportunity to recoup their entire debt if the collateral increases in value after the plan of reorganization is confirmed.

Section 1111(b) was added in the 1978 Bankruptcy Reform Act in response to abuses that occurred in the 1970's when real estate prices plunged. Chapter 12, however, permits no such election and secured creditors therefore will have their liens reduced to the level of the current value of the property with no opportunity to benefit from later appreciation. Obviously, by eliminating the Section 1111(b) election, Chapter 12 reduces the value of the creditor's lien in bankruptcy.

This devaluation of the secured creditor's rights, if applied retrospectively, that is, to liens in existence prior to the effective date of the Act, at least appears to be in violation of the Due Process Clause or Takings Clause of the Fifth Amendment. Confronting an analogous problem, namely, whether non-possessory, non-purchase money security interests in household goods may be avoided under 11 U.S.C. § 522(f)(2), the Supreme Court stated in *United States v. Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982), that "there is substantial doubt whether the retroactive destruction of the appellees' lien comports with the Fifth Amendment". *Id.* at 78, 103 S.Ct. at 412. Further finding that no bankruptcy law should be construed to eliminate property rights that existed before the enactment of the law in the absence of an explicit command from Congress, and that no such command existed as to the liens in question, the Court avoided the Constitutional question and held that 11 U.S.C. § 522(f)(2) was not intended by Congress to be applied retrospectively.

In the case at bar, because permitting conversion of a Chapter 11 case to Chapter 12 threatens to violate the Fifth Amendment by diminishing pre-existing rights of secured creditors, the constitutional question also can and should be avoided by denying motions to convert. Since such a course is also entirely consistent with the literal meaning of the statute, Debtors' Motion To Convert To Chapter 12 will be denied.