**In re ERICKSON PARTNERSHIP, Ronald Erickson and Lonna Erickson, Debtors.**

**UNITED STATES of America Through FARMERS HOME ADMINISTRATION, Appellant,**

v.

**ERICKSON PARTNERSHIP, Ronald Erickson and Lonna Erickson, Appellees.**

**No. CIV 87–4036.**

United States District Court, D. South Dakota, S.D.

June 17, 1987.

Robert J. Haar, Asst. U.S. Atty., Sioux Falls, S.D., for appellant.

Jonathan K. Van Patten, Vermillion, S.D., for appellees.

## MEMORANDUM OPINION AND ORDER

JOHN B. JONES, District Judge.

Appellee/debtors, Erickson Partnership and Ronald and Lonna Erickson (Debtors), filed petitions under Chapter 11 of the Bankruptcy Code on May 29, 1986. The Family Farmer Bankruptcy Act, P.L. 99–554, established a Chapter 12 bankruptcy reorganization procedure and became effective November 26, 1986. Debtors moved on December 3, 1986 to convert their case to Chapter 12, and the motion was granted by the Bankruptcy Court. *In Re Erickson Partnership*, 68 B.R. 819 (Bankr.D.S.D. 1987). The United States of America, through Farmers Home Administration, appealed to this Court, the appeal was briefed by the parties, and argument was heard on June 15, 1987.

## ISSUE

The issue is whether the debtors may convert their Chapter 11 case, which was pending at the time the Family Farmer Bankruptcy Act became effective, to Chapter 12 established under the Act in light of section 302(c)(1) of the Act which provides:

"The amendments made by subtitle B of ·title 11 shall not apply with respect to cases commenced under title 11 of the United States Code before the effective date of this Act."

## DECISION

The decision of the Bankruptcy Court will be affirmed because I conclude that the contemporary legislative history and the other provisions of the Act conclusively establish a legislative intent to permit conversion of pending Chapter 11 and 13 cases to Chapter 12, and that, therefore, the express language of section 302(c)(1) must be disregarded to carry out the legislative intent of Congress.

## LEGAL ANALYSIS

Bankruptcy courts facing this issue have gone both ways, with a clear majority following the express language of the statute and holding that pending Chapter 11 and 13 cases may not be converted.

The following cases have allowed conversion of pending cases to Chapter 12: *In re Fischer*, 72 B.R. 634 (Bankr.D.Kan.1987); *In re Anderson*, 70 B.R. 883 (Bankr.D. Utah 1987); *In re Mason*, 70 B.R. 753 (Bankr.W.D.N.Y.1987); *In re Henderson*, 69 B.R. 982 (Bankr.N.D.Ala.1987); *In re Big Dry Angus Ranch, Inc.*, 69 B.R. 695 (Bankr.D.Mont.1987); and *In re Erickson Partnership*, 68 B.R. 819 (Bankr.D.S.D. 1987).

The following cases have not: *In re Litteral*, 74 B.R. 14, (Bankr.W.D.La.1987); *In re Solomon*, 72 B.R. 506 (Bankr.E.D.Ark. 1987); *In re Evans*, 72 B.R. 21 (Bankr.D. Ore.1987); *In re Keinath Brothers Dairy Farm*, 71 B.R. 993 (Bankr.E.D.Mich.1987); *In re Rossman*, 70 B.R. 985 (Bankr.W.D. Mich.1987); *In re Ray*, 70 B.R. 431 (Bankr. E.D.Mo.1987); *In re Hughes*, 70 B.R. 66 (Bankr.W.D.Va.1987); *In re Council*, 70

B.R. 20 (Bankr.W.D.Tenn.1987); *In re Glazier,* 69 B.R. 666 (Bankr.W.D.Okla.1987); *In re Lindsey,* 69 B.R. 632 (Bankr.C.D.Ill. 1987); *In re Barclay,* 69 B.R. 552 (Bankr. C.D.Ill.1987); *Matter of Spears,* 69 B.R. 511 (Bankr.S.D.Iowa 1987); *In re Petty,* 69 B.R. 412 (Bankr.N.D.Ala.1987); *In re Groth,* 69 B.R. 90 (Bankr.D.Minn.1987); *In re Albertson,* 68 B.R. 1017 (Bankr.W.D.Mo. 1987); *In re B.A.V., Inc.,* 68 B.R. 411 (Bankr.D.Colo.1986); and *In re Tomlin Farms, Inc.,* 68 B.R. 41 (Bankr.D.N.D. 1986).

I have not located any district or appellate court that has yet considered this issue.

"We begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v. GTE Sylvania,* 447 U.S. 102, at 108, 100 S.Ct. 2051 at 2056, 64 L.Ed.2d 766 (1980).

The United States Supreme Court faced an issue similar to the one in the pending case in *Central Trust Co. v. Creditors' Committee,* 454 U.S. 354, 102 S.Ct. 695, 70 L.Ed.2d 542 (1982). In August, 1979, Geiger Enterprises, Inc. filed bankruptcy under Chapter XI of the Bankruptcy Act of 1898. On October 1, 1979, the Bankruptcy Reform Act of 1978 became effective, and under § 403(a) thereof, Congress provided that in substance the new act had no application to pending bankruptcy cases, and that all pending cases would continue to be governed by the old act. Geiger had some affiliated corporations and subsidiaries who had filed under the new act, and it sought to dismiss its pending petition so it could refile under the new act. The Court of Appeals held that the new statute should be read in connection with the rule which permitted voluntary dismissals, and that if the bankruptcy estate's best interest would be served by permitting dismissal and refiling, and no creditor's claims would be prejudiced thereby, it should be permitted to do so, notwithstanding the unequivocal language of the new act that all pending cases

"shall" be conducted and determined under the old law. The Supreme Court found that the legislative history supported the unequivocal language of the statute and held that the judiciary may not disregard a clear congressional directive, even though doing so might reach a good result.

I conclude that the present case is distinguishable from *Central Trust* because in this case the legislative history and other provisions of the Family Farmer Bankruptcy Act establish a clear congressional intent to have the Act apply to pending bankruptcy actions.

The Joint Explanatory Statement of the House/Senate Committee of Conference included the following explanation of the applicability of Chapter 12 to pending bankruptcy cases:

*"Applicability of Chapter 12 to Pending Chapter 11 and 13 Cases*

It is not intended that there be routine conversion of Chapter 11 and 13 cases, pending at the time of the enactment, to Chapter 12. Instead, it is expected that courts will exercise their sound discretion in each case, in allowing conversions only where it is equitable to do so.

Chief among the factors the court should consider is whether there is a substantial likelihood of successful reorganization under Chapter 12.

Courts should also carefully scrutinize the actions already taken in pending cases in deciding whether, in their equitable discretion, to allow conversion. For example, the court may consider whether the petition was recently filed in another chapter with no further action taken. Such a case may warrant conversion to the new chapter. On the other hand, there may be cases where a reorganization plan has already been filed or confirmed. In cases where the parties have substantially relied on current law, availability to convert to the new chapter should be limited."

Cong.Rec. H 8999 (daily ed. Oct. 2, 1986) *reprinted in* 1986 U.S.Code Cong. & Ad. News 5249–50.

The remarks of Congressmen Fish and Synar, as reported in the Congressional Record-House for October 2, 1986, and the statements of Senators Thurmond and Grassley, as reported in the Congressional Record-Senate for October 3, 1986, also evidence a clear intent to apply the Act to all family farmers as defined therein.

In addition, Section 1112(d) of the Act permits conversion of a Chapter 11 case to Chapter 12 under the Act. If Congress intended that farmers who were already in Chapter 11 should not be allowed to convert to Chapter 12, there was no need to include a conversion provision, since after the effective date of the statute, family farmers desiring the benefits of Chapter 12 reorganization would simply file for bankruptcy under that Chapter.

I have carefully considered the teaching of the United States Supreme Court in *American Tobacco Co. v. Patterson,* 456 U.S. 63 at 75, 102 S.Ct. 1534 at 1540, 71 L.Ed.2d 748 (1982) ("Going behind the plain language of a statute in search of a possibly contrary congressional intent is 'a step to be taken cautiously' even under the best of circumstances.") and of the Eighth Circuit in *Arkansas Valley Industries, Inc. v. Freeman,* 415 F.2d 713 at 718 (1969) ("The courts are not at liberty to add to or deviate from words in a statute and thus thrust the court's will, or that of an administrative agency, upon the Congress where the same is not necessary to avoid an absurdity or frustrate the meaning or purpose of the statute.")

I believe that literally applying the provision of section 302(c)(1) would defeat the plain purpose of the Family Farmer Bankruptcy Act to provide a Chapter 12 reorganization mechanism to farmers as defined in the Act, and I therefore decline to do so. *See, Bob Jones University v. United States,* 461 U.S. 574, 103 S.Ct. 2017, 76 L.Ed.2d 157 (1983).

The decision of the Bankruptcy Court is affirmed.