**In re Morris Ray BOUGH, et ux., Debtors.**

**Morris Ray BOUGH, et ux., Appellants,**

v.

**UNITED STATES of America, Appellee.**

Civ. No. 87–3211–CV–S–4.

Bankruptcy No. 84–00204–S–11.

United States District Court,
W.D. Missouri, S.D.

July 13, 1987.

David Detar Newbert, Asst. U.S. Atty. W.D.Mo., Kansas City, Mo., for appellee, U.S.

Gary A. Love, P.C., Springfield, Mo., for appellants.

**ORDER**

RUSSELL G. CLARK, Bankruptcy Judge.

On January 26, 1987, the appellants appealed the Bankruptcy Court's order of January 15, 1987, denying their motion to convert their Chapter 11 case to a case under Chapter 12. This Court will affirm the Bankruptcy Court's order.

Under Bankruptcy Rule 8013, previously Bankruptcy Rule 810, a reviewing court must accept the bankruptcy judge's factual findings unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Company*, 333 U.S. 364, 395, 68 S.Ct. 525, 541–42, 92 L.Ed. 746 (1948); *First National Bank of Clinton v. Julian*, 383 F.2d 329 (8th Cir.1967). The reviewing court is not so limited when a bankruptcy judge's error is one of law consisting of giving wrong legal significance to the facts. *Solomon v. Northwestern State Bank*, 327 F.2d 720 (8th Cir.1964). The reviewing court is free to make an independent determination of the law. *Walker v. Commercial Nat. Bank of Little Rock, Ark.*, 217 F.2d 677 (8th Cir.1954). It is with these standards in mind that this Court proceeds with its analysis.

Debtors filed their Chapter 11 bankruptcy petition pursuant to Title 11 of the Bankruptcy Code on January 24, 1984. More than two years later, on September 10, 1986, debtors filed their Chapter 11 reorganization plan and disclosure statement. On December 22, 1986, debtors filed a motion to convert their case to a case under Chapter 12 of the Bankruptcy Code. On January 5, 1987, an objection to debtors' motion to convert their case was filed on behalf of the United States. Subsequently, a hearing was held and on January 15, 1987, the Honorable Frank W. Koger, United States Bankruptcy Judge, entered the decision and order of the Bankruptcy Court denying debtors' motion. It is from that order that debtors appeal.

The issue on appeal is whether a case pending under Chapter 11 of the Bankruptcy Code prior to November 26, 1986, the effective date of the Bankruptcy Judges, United States Trustees and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, ("Bankruptcy Judges Act") may be converted to a case under Chapter 12 of the Bankruptcy Code.

The governing statutory provision is contained in section 302(c) of the Bankruptcy Judges Act. Section 302 provides:

(c) Amendments Relating to Family Farmers ...

(1) The amendments made by subtitle B of Title II shall not apply with respect to cases commenced under Title 11 of the United States Code before the effective date of this Act.

The provisions pertaining to Chapter 12 of the Bankruptcy Code are contained in subtitle B of Title II of the Bankruptcy Judges Act.

The Bankruptcy Court ruled that the clear language of section 302(c) prohibited the debtors from converting their Chapter 11 case to a case under Chapter 12 because their case had been pending prior to November 26, 1986, the effective date of the Act. The Court refused to look to the legislative history or the Joint Explanatory Statement of the Committee of Conference for guidance as urged by debtors, citing three United States Supreme Court cases which enunciate a basic rule for statutory construction. The three cases, *Central Trust Co. v. Creditors' Committee*, 454 U.S. 354, 102 S.Ct. 695, 70 L.Ed.2d 542 (1982); *Caminetti v. United States*, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917), and *Hamilton v. Rathbone*, 175 U.S. 414, 20 S.Ct. 155, 44 L.Ed. 219 (1899), stand for the proposition that where the language of a statute is clear and unambiguous, the courts should enforce it according to its terms without looking to the legislative history.

Based upon this Court's review of these three Supreme court cases, the Court does not find that the Bankruptcy Judge's decision is in error as a matter of law. Moreover, the recent case of *In Re Ray*, 70 B.R. 431, 432 (Bkrtcy. E.D.Mo.1987), points out that of nine bankruptcy decisions cited therein, seven of those courts determined that the provisions of section 302(c) preclude the conversion of Chapter 11 cases pending prior to November 26, 1987 to Chapter 12 cases. In addition, at least one other recent bankruptcy decision supports the Bankruptcy Judge's ruling. See *In Re*

*Groth,* 69 B.R. 90 (D. Minn. 1987). Thus, the Court finds ample legal support for the Bankruptcy Court's ruling.

Accordingly, it is hereby

ORDERED that the order of the Bankruptcy Court denying appellants' motion to convert is affirmed.