In re Johnny Dale POOL & Edith Caroline Pool, Debtors.

Bankruptcy No. 85–00416–S–2.

United States Bankruptcy Court, W.D. Missouri, S.D.

Dec. 11, 1987.

James R. Doran, Springfield, Mo., for debtors.

Teresa Hair, Asst. U.S. Atty., Springfield, Mo., for Farmers Home Admin.

Harold F. Glass, Springfield, Mo., for Federal Land Bank.

William Mauck, Springfield, Mo., for Creditors Dennis.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtors filed a petition for reorganization under Chapter 11 in 1985. Their plan was confirmed on July 18, 1986. Since that time debtors have made all payments called for in the plan and have complied with the requirements of their confirmed plan. On September 20, 1987, debtors filed an application to allow them to voluntarily dismiss the confirmed proceeding for the express purpose of then filing for relief under Chapter 12 of the Bankruptcy Code. Notice of the application was sent to all creditors and two of that group, i.e., The Federal Land Bank and The Farmers Home Administration, objected to the dismissal. Hearing was had on November 5, 1987, and the parties allowed time to file briefs. Those have now been filed, and this opinion follows.

The thrust of debtors' application is two pronged. First, the issue of dismissal of a confirmed Chapter 11 plan under 11 U.S.C. § 1112(b). Second, the issue of whether a Chapter 12 proceeding can be filed where debtors were engaged in a Chapter 11 proceeding prior to November 26, 1986. This Court's opinion in *In re Albertson*, 68 B.R. 1017, (Bkrtcy.W.D.Mo.1987) which was substantiated by the District Court's affirmance of *In re Bough*, 81 B.R. 539 (W.D. Mo.1987), has already closed the door to debtors applying for a direct conversion to Chapter 12. Thus it would seem that the Court is required to rule whether debtors can accomplish in two moves what has been decreed not permissible in one move. Certainly a substantial portion of the parties' labors reflected in their briefs has been directed at that question.

However, the Court declines to cross over that abyss at this time. The reason is that debtors' request is indeed a two step procedure and only if the first step is permissible can the debtor attempt a second step. Since the Court, as outlined hereafter, determines that the first step is not appropriate under the circumstances, debtor cannot attempt the second step thus creating a situation wherein the Court's action should be confined to the first issue only. Indeed while everyone enjoys a potential peek into the future, previews of coming attractions should be constrained to movie theatres while being assiduously avoided by judicial officials who have to live with the burden of all their previously issued words of wisdom.

Section 1112(b) sets forth ten examples of "cause" wherein a Court may dismiss a case under Chapter 11. None of them is applicable to this case. That list is not exclusive and indeed is expressly stated to be inclusive only, nevertheless a careful reading of the ten stated grounds reveals a common thread running throughout that is based upon a failure on the part of the debtors to accomplish the purposes of Chapter 11. A fair interpretation seems to be that if the debtors cannot or will not rehabilitate under Chapter 11, then the Court may dismiss or convert whichever IS IN THE BEST INTEREST OF CREDITORS AND THE ESTATE. In the instant case there has been no showing that the

debtors cannot or will not rehabilitate under Chapter 11. In fact, the empirical evidence based on the fourteen months following the confirmation of the plan would deny such an argument. Debtors' state that they have made all payments required and this claim is echoed by the creditors who object to the dismissal. Debtors in their application state:

> "Funding requirements of the existing plan have been difficult for debtors to complete".

> "Debtor Johnny Pool has experienced health problems ..."

The Court cannot conclude that such statements equate to an actual inability to complete the plan and there is absolutely no indication that debtors have ever been unwilling to complete their plan. This Court, therefore, rules that there is not sufficient "cause" at this time to dismiss debtors' confirmed Chapter 11 case and DENIES debtors' Application For Voluntary Dismissal.

This opinion constitutes Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.