In re TOMLIN FARMS, INC., Debtor.

In re Truman KINGSLEY and Connie Kingsley, Debtors.

In re Marvin JOHNSON, Debtor.

Bankruptcy Nos. 84–05180, 86–05944 and 85–05172.

United States Bankruptcy Court, D. North Dakota.

Dec. 16, 1986.

Daniel Wentz, Fargo, N.D., for all three debtors.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Each of the above cases are Chapter 11 cases commenced prior to November 26, 1986, the effective date of the Bankruptcy Judges, United States Trustees and Family Farmer Bankruptcy Act of 1986. Pub.L. 99–554 (the "Act"). Tomlin Farms' Chapter 11 petition was filed April 2, 1984, Johnson's Chapter 11 petition was filed on March 28, 1985, and Kingsleys' was filed on October 31, 1986. In each case, the debtors, by separate motion, seek an order of this court converting their Chapter 11's to cases under Chapter 12 of title 11, U.S.C. The motions came on for hearing on December 9, 1986.

Although the First American Bank, a creditor in the Kingsley case, objects to conversion on equitable grounds as does Federal Land Bank in Johnson and Tomlin Farms, the motions raise a more fundamental issue. That is, whether a debtor whose Chapter 11 case was pending at the time the Act became effective may invoke section 1112(d)(3) and thereby convert his case to Chapter 12. There has already arisen considerable discussion among bankruptcy practitioners and the courts themselves regarding the effect of the Act upon Chapter 11 cases commenced by farmers prior to the effective date of the Act and which were pending on the effective date. This memorandum is written to dispel any uncertainty in this district.

Section 1112 of the Bankruptcy Code was amended by subtitle B of title II of the Act to allow bankruptcy courts to convert a Chapter 11 case to one under Chapter 12 if the debtor requests and such conversion is equitable. Section 1112(d)(3). Section 1112(d)(3) is a completely new provision created by the Act and became effective along with most other provisions of the Act on November 26, 1986. Section 302 of the Act sets out the effective dates for the Act generally. Section 302(c)(1) provides, with regard to amendments relating to family farmers that:

> The amendments made by subtitle B of title II shall not apply with respect to cases commenced under title 11 of the United States Code before the effective date of this Act.

The above-quoted language is clear and unequivocable and from the language alone there can be no mistake as to its meaning. It means that all amendments wrought by subtitle B of title II of the Act do not apply to any case commenced before November 26, 1986. Any uncertainty or ambiguity in the meaning of section 302(c)(1) is created not by the statute itself but by language found in the joint explanatory statement of the Committee of Conference. In discussing the applicability of Chapter 12 to pending Chapter 11 and Chapter 13 cases, the Committee's statement may be read as to infer from it that Chapter 11 and Chapter 13 cases pending at the time of enactment could be converted to Chapter 12. If this is the sense of the Committee of Conference, it is enextricably contrary to the language of the statute itself.

In divining the will of Congress, courts must first refer to the language of the statute itself. Where the language of the statute is on its face clear, it is improper to look beyond it to accompanying legislative history in an effort to divine the intent of Congress or invent ambiguity. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 201, 96 S.Ct. 1375, 1384, 47 L.Ed.2d 668 (1976);

**43**

*Arkansas Valley Industries, Inc. v. Freeman*, 415 F.2d 713, 717 (8th Cir.1969). In an earlier case entitled *United States v. Oregon*, 366 U.S. 643, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961) the Supreme Court said that committee language suggesting an application contrary to the plain words of the statute itself is not sufficiently compelling to justify deviation from the language of the statute itself. *Id.*, at 648, 81 S.Ct. at 1280. Legislative history may not be used to create the ambiguity. *U.S. v. Public Utilities Comm'n.* 345 U.S. 295, 315, 73 S.Ct. 706, 717, 97 L.Ed. 1020 (1953). The most recent Supreme Court case dealing with statutory interpretation is *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985) where the court said:

"There is a basic difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted." ... Nor is the judiciary licensed to attempt to soften the clear import of Congress' chosen words whenever a court believes those words lead to a harsh result.... On the contrary, deference to the supremacy of the legislature, as well as recognition that congressmen typically vote on the language of a bill, generally require us to assume that "the legislative purpose is expressed by the ordinary meaning of the words used." ... "Going behind the plain language of a statute in search of a possibly contrary congressional intent is 'a step to be taken cautiously' even under the best of circumstances."

*United States v. Locke*, 105 S.Ct., at 1793 (citations omitted). In the 1986 Tenth Circuit case of *Edwards v. Valdez*, 789 F.2d 1477 (10th Cir.1986), the court found a district court's method of statutory construction to be fatally flawed when the district court analyzed the legislative history and, finding it at odds with the statute itself, concluded that the statute was ambiguous and then qualified the statute so as to accomodate the perceived legislative intent. *Id.*, at 1481. The Tenth Circuit, citing several Supreme Court cases including *Locke, supra,* held that the district court erred in

resorting to legislative history when the literal meaning of the words used in the statute itself were clear and unambiguous. *Edwards v. Valdez*, 789 F.2d, at 1481.

Because section 302(c)(1) is clear and unequivocable on its face, this court will not resort to the statement of Committee Conference to supplant the meaning of the section itself or create ambiguity as to its meaning. Thus, section 302(c)(1) means that section 1112(d)(3) cannot be invoked by debtors whose cases were pending under title 11 on November 26, 1986. The three captioned Chapter 11 cases may not be converted to Chapter 12 and the debtors' respective motions for conversion are hereby DENIED.

SO ORDERED.