**In re James W. COUNCIL and Jonelle Council, Debtors.**

**Bankruptcy No. 86–11299–K.**

United States Bankruptcy Court, W.D. Tennessee, E.D.

Jan. 2, 1987.

Lloyd A. Utley, Jackson, Tenn., for debtors.

### ORDER RE DEBTORS' MOTION FOR A CONVERSION OF A PENDING CHAPTER 11 CASE TO CHAPTER 12

DAVID S. KENNEDY, Bankruptcy Judge.

The instant proceeding came on to be heard on December 18, 1986, upon the motion filed by the above-named debtors seeking an order authorizing them to convert their pending Chapter 11 case to newly created Chapter 12 of the Bankruptcy Code.

### CASE BACKGROUND

On October 31, 1986, the above-named debtors filed an original joint petition under Chapter 11 of the Bankruptcy Code. Debtor, James W. Council, is a self-employed family farmer; and the debtor, Jonnell Council, is employed at Doubleday Distribution Center. Debtors' "Summary Of Debts And Property" reflects liabilities in the approximate amount of $600,000.00 and assets valued in the approximate amount of $742,000.00. No disclosure statement or plan of reorganization has been filed.

### LEGISLATIVE BACKGROUND

On October 27, 1986, the President signed the "Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986", Public Law No. 99–554, H.R. 5316 (hereinafter referred to as "1986 Act"). Subtitle B of Title II of the 1986 Act is styled "Debtors Who Are Family Farmers". § 255 of the 1986 Act adds a new operative Chapter, namely Chapter 12 which is styled "Chapter 12 Adjustment Of Debts Of A Family Farmer With Regular Annual Income". New Chapter 12 represents a Congressional response to the increasing economic problems and crises that have confronted family farmers.[1] Chapter 12 provides special treatment for "family farmers".[2]

Provision is made in the 1986 Act for the conversion to Chapter 12 of cases under Chapter 11 or Chapter 13. § 256 of the 1986 Act amends § 1112(d) of the Bankruptcy Code to permit conversion from Chapter 11 to Chapter 12 where such conversion is equitable.[3] § 257(v)(2) of the 1986 Act amends § 1307(d) of the Bankruptcy Code to permit conversion from Chapter 13 to Chapter 12. These two amendments, however, do not mention the

---

1. Chapter 12 has a sunset provision. It is repealed on October 1, 1993, by virtue of § 302(f) of the 1986 Act.

2. § 251 of the 1986 Act contains definitions. "Family farmer" is defined in § 101(17) of the Bankruptcy Code. See also §§ 101(18) and 109(f) of the Bankruptcy Code.

3. It perhaps should be noted that while Congress amended § 1112(d), which governs conversion *by the court*, it did not amend § 1112(a), which governs conversion *by the debtor*.

applicability or effective date of Chapter 12.[4]

As to Chapter 11 and 13 cases pending upon the enactment of Chapter 12, the "Joint Explanatory Statement Of The Committee Of Conference" provides as follows [Conference Report 99–958, pp. 48, 49; also appearing in 132 Cong.Rec. H8999 (daily ed. October 2, 1986)]:

**"APPLICABILITY OF CHAPTER 12 TO PENDING CHAPTER 11 AND 13 CASES**

"It is not intended that there be routine conversion of Chapter 11 and 13 cases, pending at the time of enactment, to Chapter 12. Instead, it is expected that courts will exercise their sound discretion in each case, in allowing conversions only where it is equitable to do so.

"Chief among the factors the court should consider is whether there is a substantial likelihood of successful reorganization under Chapter 12.

"Courts should also carefully scrutinize the actions already taken in pending cases in deciding whether, in their equitable discretion, to allow conversion. For example, the court may consider whether the petition was recently filed in another chapter with no further action taken. Such a case may warrant a conversion to the new chapter. On the other hand, there may be cases where a reorganization plan has already been filed or confirmed. In cases where the parties have substantially relied on current law, availability to convert to the new chapter should be limited."

The general effective date of the 1986 Act with limited exceptions not applicable here is November 26, 1986—i.e. thirty (30) days after the date of enactment on October 27, 1986. See § 302(a) of the 1986 Act. § 302(c)(1) of the 1986 Act expressly provides, however, that the new Chapter 12 amendments relating to family farmers do *not* apply to cases commenced before the

effective date of the 1986 Act. Specifically, § 302(c)(1) of the 1986 Act provides as follows:

**"AMENDMENTS RELATING TO FAMILY FARMERS**—(1) The amendments made by subtitle B of Title II shall not apply with respect to cases commenced under Title II of the United States Code before the effective date of this Act."

Thus, a basic question exists as to whether Chapter 11 and 13 cases pending upon the effective date of the family farmer provisions can be converted to Chapter 12. As noted above, the texts of the Joint Conference Report and the 1986 Act provide different results. See *United States v. Oregon*, 366 U.S. 643, 648, 81 S.Ct. 1278, 1280, 6 L.Ed.2d 575 (1961); *Edwards v. Valdez*, 789 F.2d 1477 (10th Cir.1986).

It is a fundamental rule of statutory construction, which this court cannot ignore, that where no ambiguity appears, the clear and explicit terms of a statute will be *conclusively presumed* to express the legislative intent and that a plain and unambiguous statute is to be applied, not interpreted. Bankruptcy Service, Current Awareness Alert, Issue No. 7, Nov. 1986, p. 93 citing 73 Am.Jur.2d, Statutes § 194; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 201, 96 S.Ct. 1375, 1384, 47 L.Ed.2d 668 (1975); *U.S. v. Public Utilities Comm'n*, 345 U.S. 295, 315, 73 S.Ct. 706, 717, 97 L.Ed. 1020 (1953).

*Collier On Bankruptcy*, Special Supplement, regarding the 1986 Act, provides at C–8 as follows:

"The amendments relating to family farmers (Subtitle B of title II) do not apply to cases commenced before the effective date of the Act (30 days after October 27, 1986) (§ 302(c)(1)). This includes the conversion provisions of §§ 706, 1112 and 1307; *thus a pending case cannot be converted to Chapter 12.*" (emphasis added.)

---

**4.** See also § 706(c) of the Bankruptcy Code regarding conversion from Chapter 7 to Chapter 12.

§ 302 of the 1986 Act is plain, unambiguous, clear and explicit.

## CONCLUSIONS

Based on all the foregoing and considering the 1986 Act as a whole, the court finds that since this Chapter 11 case was pending upon the effective date of the family farmer provisions, it cannot now be converted to new Chapter 12.[5] Going behind the plain and unambiguous language of a statute in search of a possible contrary Congressional intent is a step to be taken cautiously even under the best of circumstances. *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, 1793, 85 L.Ed.2d 64 (1985). Committee language suggesting an application contrary to the plain words of the statute itself is not sufficiently compelling to justify deviation from the language of the statute itself. *United States v. Oregon*, supra, at 648, 81 S.Ct. at 1280. This court will not use the language of the "Joint Explanatory Statement Of The Committee Of Conference" to create an ambiguity in a clear and unequivocable statute in a judicial effort to somehow avoid a possible harsh result. Thus, the debtors' instant motion seeking to convert this pending Chapter 11 case to Chapter 12 is hereby denied. Accordingly,

IT IS SO ORDERED:

---

**5.** Although after notice and opportunity for hearing no creditors or interested parties objected to the debtors' instant motion, the court has raised, sua sponte, the issue of the right to convert pending cases in light of the contradictions between § 302(c) of the 1986 Act and the "Joint Explanatory Statement Of The Committee Of Conference". § 203 of the 1986 Act amends § 105(a) of the Bankruptcy Code by adding:

"No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."