**In re Nordeen A. GROTH, Debtor.**

**Bankruptcy No. 3-86-3151.**

United States Bankruptcy Court, D. Minnesota, Third Division.

Jan. 13, 1987.

Kurt M. Anderson, St. Paul, Minn., Obert Knutson, Southern Minnesota Regional Legal Services, Inc., Mankato, Minn., for debtor.

ORDER DENYING MOTION TO CONVERT CASE TO CHAPTER 12

GREGORY F. KISHEL, Bankruptcy Judge.

This Chapter 13 case came on before the undersigned United States Bankruptcy Judge on January 8, 1987, upon Debtor's motion for an Order converting this case to a case under Chapter 12 of the Bankruptcy Code. Debtor appeared by his attorneys, Obert Knutson, of Southern Minnesota Regional Legal Services, Inc., and Kurt M. Anderson (the latter of counsel). Upon the moving documents, the arguments of counsel, and all of the other files and records in

this case, the Court determines that Debtor's motion must be denied.

Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code in this Court on November 21, 1986. Debtor's Chapter 13 Petition contained the notation that he "intend[ed] to file a plan pursuant to chapter 13 of title 11, United States Code, subject to disposition of a motion to convert to Chapter 12." On December 8, 1986, Debtor filed a motion for an Order converting this case to a case under Chapter 12 pursuant to 11 U.S.C. § 1307(d). Though Debtor did not file an affidavit to support his motion, the supporting memorandum filed by counsel alleges that Debtor had to file a bankruptcy petition prior to November 24, 1986 "to prevent the foreclosure sale of his homestead which was set for" that date.

Debtor is a dairy farmer. His Chapter 13 statement schedules secured debt of a total outstanding balance of $226,523.76, and unsecured debt of a total outstanding balance of $53,866.90. At least from the face of these pleadings, he is eligible to be a debtor under Chapter 13. 11 U.S.C. § 109(e).

On October 27, 1986, the President signed the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. 99–554. The Act created a new Chapter 12 of the Bankruptcy Code, titled "Adjustment of Debts of a Family Farmer with Regular Annual Income."[1] See 11 U.S.C. § 109(f), as amended, Pub.L. 99–554, § 253. Chapter 12 embodies a new form of bankruptcy reorganization for family farmers. The form melds structural and procedural aspects of both Chapter 11 and Chapter 13. It also contains changes in substantive law which—by the profession of individual members of Congress, at least—are designed to make it easier for family farmers to reorganize their debt structures and business operations. See 132 CONG.REC. H8999 (daily ed. October 2, 1986) ("Joint Explanatory Statement of the Committee of Conference"); id. at H9001 (remarks of Rep. Synar); 132 CONG.REC. S15075 (daily ed. October 3, 1986) (remarks of Sen. Thurmond).

In addition to creating Chapter 12, Pub.L. 99–554 includes provisions amending 11 U.S.C. §§ 1112(d) and 1307(d), to allow conversion of cases under Chapters 11 and 13 to cases under Chapter 12, using the pre-existing procedures for conversion of cases under those chapters. Pub.L. 99–554, §§ 256 and 257(v)(2). These amendments are contained within Subtitle B of Title II of Pub.L. 99–554.

In general, the effective date of the changes made to the Bankruptcy Code in the 1986 Act was November 26, 1986, 30 days after the President signed the Act. Pub.L. 99–554, § 302(a). However, the enabling act specifically provided that "[t]he amendments made by subtitle B of title II shall not apply with respect to cases commenced under title 11 of the United States Code before the effective date of this Act." Pub.L. 99–554, § 302(c).

 Thus, it is clear on the face of the 1986 legislation that Debtor has no right to convert his pending Chapter 13 case to one under Chapter 12, and that the Court cannot authorize conversion on any ground. On this issue, some confusion has been created by the publication of the Joint Explanatory Statement of the Committee of Conference, which contains remarks to the effect that conversion of Chapter 11 and 13 cases pending as of the effective date of Chapter 12 may be allowed in the equitable discretion of the Court. See 132 CONG. REC. H8999 (daily ed. October 2, 1986). Not having participated in the hasty and ultimately precipitous course which Congress apparently followed in finalizing the form of the 1986 bankruptcy legislation, this Court cannot explain why the wording of the "Joint Explanatory Statement" is at odds with the actual language of the statute. However, this Court need not—and should not—resort to legislative history to

---

1. The term "family farmer" is defined at new 11 U.S.C. § 101(17); the term "family farmer with regular annual income" is defined at new 11 U.S.C. § 101(18).

construe the statute where the term in question is clear on its face. *United States v. Oregon,* 366 U.S. 643, 648, 81 S.Ct. 1278, 1281, 6 L.Ed.2d 575 (1961); *Packard Motor Car Co. v. N.L.R.B.,* 330 U.S. 485, 492, 67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947); *Caminetti v. U.S.,* 242 U.S. 470, 490, 37 S.Ct. 192, 196, 61 L.Ed. 442 (1917); *Northwest Paper Co. v. Federal Power Commission,* 344 F.2d 47, 50 (8th Cir.1965); *United States v. Pan American Management Co.,* 616 F.Supp. 1200, 1217 (D.Minn.1985); *Victory Highway Village, Inc. v. Weaver,* 480 F.Supp. 71, 74 (D.Minn. 1979) (applying Minnesota state law). Whatever the expression in the committee statement, the enabling act itself plainly prohibits application of the amended conversion provisions in Chapters 11 and 13 to cases pending under those chapters as of the date on which the Chapter 12 remedy became available.[2] The final intent of Congress appears on the face of the legislation which it passes, notwithstanding contrary provisions in committee reports which are designed to serve as aids to members of Congress considering particular drafts of bills for enactment.

■ At hearing, counsel questioned the propriety of the Court raising this issue *sua sponte.* Debtor served his motion upon his Chapter 13 Trustee, the Office of United States Trustee, the First State Bank of Wykoff, and its counsel; in addition, the Court serviced notice of the hearing on Debtor's motion to the foregoing parties and all scheduled creditors. None of them came forward to object to conversion of the case. Notwithstanding the lack of objection, it is appropriate that the Court address an issue of the fundamental nature presented by Debtor's motion. Under modern American law, bankruptcy is not so much a single form of action as a complex of remedies. The configuration of remedies available to a particular debtor is determined by that debtor's eligibility for relief under the various chapters of the Code. Congress alone makes the determination as to the criteria for eligibility, and the resultant availability of specific forms of relief. Here, Congress determined that debtors in bankruptcy cases pending as of the effective date of Chapter 12 should not be eligible to invoke the powerful complex of remedies available under that chapter by converting their pending cases, notwithstanding their entitlement to Chapter 12 relief were they to file an initial petition now. The choice of form of bankruptcy relief is not a mere "question of substantive law" as counsel argues; it goes far beyond that, to the availability or non-availability of an arsenal of remedies which can greatly expand or contract the debtor's power to adjust his financial relationships with creditors. The choice of chapter controls the allocation of various procedural and substantive burdens as between debtor and creditor, the timeline by which the case will proceed to ultimate relief, the breadth of the debtor's ability to affect the rights of secured and unsecured creditors, and, unfortunately, the likelihood of successful reorganization of the debtor's business in the face of opposition by creditors. The issue is of a magnitude far greater than those involved in substantive-law disputes between a debtor and individual creditors. It is not, strictly speaking, "jurisdictional." However, it is closely akin to a "jurisdic-

---

2. The Court acknowledges that allowing conversion of the case at bar would be fully consonant with the sentiments set forth in the Joint Explanatory Statement. Debtor was apparently forced to seek bankruptcy relief by the imminent foreclosure sale of his farmstead, and could not wait until the effective date of Chapter 12 to interpose the automatic stay of 11 U.S.C. § 362 to prevent that sale. No party to this case has taken any action in this Court since Debtor filed his Chapter 13 petition. On the record before the Court, it cannot be said that any party in interest has substantially relied to its detriment upon Debtor's status under Chapter 13. Thus, were the policy considerations in the Joint Explanatory Statement properly applied to this case, conversion to Chapter 12 would not offend the underlying principles of bankruptcy relief. Neither would it offend basic principles of fairness. However, to allow conversion when the enabling act plainly prohibits it would amount to nothing more than judicial legislation. *See Central Trust Co. v. Official Creditors' Committee,* 454 U.S. 354, 359–60, 102 S.Ct. 695, 697–98, 70 L.Ed.2d 542 (1982).

tional" issue in the magnitude of its ultimate effect on the debtor-creditor relationship, and in its nexus to the integrity of the system of bankruptcy adjudication. Thus, it is more than appropriate that the Court raise the issue *sua sponte*—notwithstanding the the lack of objection by interested parties—and then decide it.

WHEREFORE, IT IS HEREBY ORDERED that Debtor's motion to convert this case to one under Chapter 12 is denied in all respects.