**In re James M. SOLOMON, Debtor.**

**Bankruptcy No. HE 86–152M.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

April 17, 1987.

Gregory M. Hopkins, Little Rock, Ark., for debtor.

John D. Bridgforth, Forrest City, Ark., for First Nat. Bank of Eastern Arkansas.

ORDER

JAMES G. MIXON, Bankruptcy Judge.

On November 4, 1986, James M. Solomon filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code. On November 26, 1986, the debtor filed a motion to convert to chapter 12. The First National Bank of Eastern Arkansas filed an objection to the motion to convert. A hearing was held on January 16, 1987, and the issue has been briefed by both parties.

The Bankruptcy Code provision relating to conversions of chapter 11 cases, 11 U.S.C. § 1112(d), was amended by the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554 (Act). Amended § 1112(d) now governs conversions of cases under chapter 11 to cases under chapter 12. Section 302 of the Act provides that, generally, the effective date of the Act was November 26, 1986. *In re Groth*, 69 B.R. 90 (Bkrtcy.D.Minn.1987). Section 302(c) of the Act also provides in part as follows: "Amendments Relating to Family Farmers —(1) The amendments made by subtitle B of title II shall not apply with respect to cases commenced under title 11 of the United States Code before the effective date of this Act."

Section 302(c)(1) is unambiguous on its face; a simple interpretation is that no debtor whose case was pending on the effective date of the amendment may convert to chapter 12. However, a portion of the legislative history contains discussion that seems to contradict the plain meaning of the statute and suggests that a right to convert to chapter 12 may exist.[1]

This Court agrees with the reasoning of Judge Hill in the case of *In re Tomlin Farms, Inc.*, 68 B.R. 41, 42 (Bkrtcy.D.N.D. 1986) that "[w]here the language of the statute is on its face clear, it is improper to look beyond it to accompanying legislative history in an effort to divine the intent of Congress or invent ambiguity." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 201, 96 S.Ct. 1375, 1384, 47 L.Ed.2d 668 (1976); *Arkansas Valley Industries, Inc. v. Freeman*, 415 F.2d 713, 717 (8th Cir.1969).

The majority of the courts that have addressed the issue have held that the statute does not permit conversion of a pending case to chapter 12. *In re Albertson*, 68 B.R. 1017 (Bkrtcy.W.D.Mo.1987); *In re Council*, 70 B.R. 20 (Bkrtcy.W.D.Tenn. 1987); *In re Groth*, 69 B.R. 90 (Bkrtcy.D. Minn.1987); *In re Ray*, 70 B.R. 431 (Bkrtcy.E.D.Mo.1987); *In re Hughes*, 70 B.R. 66 (Bkrtcy.W.D.Va.1987); *In re Petty*, 69 B.R. 412 (Bkrtcy.N.D.Ala.1987); *In re Spears*, 69 B.R. 511 (Bkrtcy.S.D.Iowa 1987); *In re B.A.V., Inc.*, 68 B.R. 411 (Bkrtcy.D.Colo.1986); *In re Tomlin Farms, Inc.*, 68 B.R. 41 (Bkrtcy.D.N.D. 1986). *Contra In re Erickson Partnership*, 68 B.R. 819 (Bkrtcy.D.S.D.1987); *In re Anderson*, 70 B.R. 883 (Bkrtcy.D.Utah 1987); *In re Big Dry Angus Ranch, Inc.*, 69 B.R. 695 (Bkrtcy.D.Mont.1987); *In re Mason*, 70 B.R. 757 (Bkrtcy.W.D.N.Y.1987); *In re Henderson*, 69 B.R. 982 (Bkrtcy.N.D. Ala.1987).

The debtor stated in his motion to convert to chapter 12 that he was forced to seek relief in chapter 11 to avoid a pending foreclosure trial scheduled on November 4, 1986, and that if the trial had not been

---

1. The Conference Report states:

It is not intended that there be routine conversion of Chapter 11 and 13 cases, pending at the time of enactment, to Chapter 12. Instead, it is expected that courts will exercise their sound discretion in each case, in allowing conversions only where it is equitable to do so.

Chief among the factors the court should consider is whether there is a substantial likelihood of successful reorganization under Chapter 12.

Courts should also carefully scrutinize the actions already taken in pending cases in deciding whether, in their equitable discretion, to allow conversion. For example, the court may consider whether the petition was recently filed in another chapter with no further action taken. Such a case may warrant conversion to the new chapter. On the other hand, there may be cases where a reorganization plan has already been filed or confirmed. In cases where the parties have substantially relied on current law, availability to convert to the new chapter should be limited.

H.R.Rep. No. 958, 99th Cong., 2nd Sess. 48, *reprinted in* 1986 U.S.Code Cong. & Admin. News 5227, 5246, 5249–50.

508

pending, he would have waited until the effective date of the Act, November 26, 1986, and filed his initial petition under chapter 12. Although the Court renders its decision today based on the clear meaning of the statute as discussed above, the Court notes a case on point, in which the bankruptcy judge held that the debtor could not convert his chapter 13 case to chapter 12, even though the debtor noted in his initial petition that he planned to convert the case to chapter 12 after the effective date of the Act, some four days later. *In re Groth,* 69 B.R. 90 (Bkrtcy.D.Minn. 1987).

The motion to convert is denied.

IT IS SO ORDERED.