**In re Hugh and Elizabeth CLARKE, Debtor(s).**

**Hugh and Elizabeth CLARKE, Appellant(s),**

*v.*

**VALLEY NATIONAL BANK OF ARIZONA, a national banking association, Appellee(s).**

BAP No. AZ 87–1220–AsMeE.
Bankruptcy No. B 85–3870 PCT RGM.

United States Bankruptcy Appellate Panels, of the Ninth Circuit.

Argued and Submitted Sept. 16, 1987.

Decided Sept. 22, 1987.

Thaddues G. Baker, Flagstaff, Ariz., for appellants.

Daniel P. Collins, Rawlins, Burrus, Lewkowitz & Feinstein, Phoenix, Ariz., for appellees.

## OPINION

Before ASHLAND, MEYERS and ELLIOTT, Bankruptcy Judges.

ASHLAND, Bankruptcy Judge:

Chapter 11 debtor farmers appeal from the denial of their motion to convert to Chapter 12. We affirm.

## FACTS

On December 13, 1985 cattle ranchers Hugh and Elizabeth Clarke filed a petition for relief under Chapter 11 of the Bankruptcy Code. Congress amended the Code, effective November 26, 1986, to provide relief for the family farmer. Public Law 99–554, Chapter 12 of Title 11 of the United States Code. On January 7, 1987 debtors filed a motion to convert to the new Chapter 12. Valley National Bank of Arizona filed an objection contending that the language of Family Farmer Amendment § 302(c)(1) (Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986) prevented conversion. The court sustained the bank's objection and denied the motion to convert to Chapter 12. Debtors timely appealed.

## ISSUE

Whether a Chapter 11 case pending on the effective date of the Family Farmer Bankruptcy Act of 1986 may be converted to a Chapter 12 case. We hold that the case may not be converted and affirm.

## DISCUSSION

The issue on appeal is a question of law subject to de novo review. *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir.1985).

For the purposes of the motion to convert and this appeal the parties do not contest whether the debtors qualify as family farmers, 11 U.S.C. § 101(17), or whether the debtors qualify for conversion under 11 U.S.C. § 1112(d).

The controversy arises because the clear language of the statute conflicts with the legislative intent as stated in the Conference Report. Section 302(c)(1) provides:

(1) The amendments made by subtitle B of Title II ... shall not apply with respect to cases commenced under Title 11 of the United States Code ... before the effective date of this Act ...

Public Law No. 99–554, H.R. 5316. The effective date of the Act is 30 days after the enactment date of October 27, 1986, or November 26, 1986. Debtors' Chapter 11 case was filed in 1985 before the effective date of the Family Farmer Act.

The Joint Explanatory Statement of the Committee of Conference provides:

It is not intended that there be routine conversion of Chapter 11 and 13 cases, pending at the time of enactment, to Chapter 12. Instead, it is expected that courts will exercise their sound discretion in each case, in allowing conversions only where it is equitable to do so.

Chief among the factors the court should consider is whether there is a substantial likelihood of successful reorganization under Chapter 12.

Courts should also carefully scrutinize the action already taken in pending cases in deciding whether, in their equitable discretion, to allow conversion. For example, the court may consider whether the petition was recently filed in another

chapter with no further action taken. Such a case may warrant conversion to the new chapter. On the other hand, there may be cases where a reorganization plan has already been filed or confirmed. In cases where the parties have substantially relied on current law, availability to convert to the new chapter should be limited.

Conversion of debtors' case could be appropriate under the conference Report but is impermissible under the amendment. Debtors urge this court to look beyond the plain meaning of the statute and come to the equitable and common sense conclusion of allowing conversion.

This court is bound by the principles of statutory construction. A court may not look to the legislative history where the language is clear and unambiguous. *United States v. Oregon,* 366 U.S. 643, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961). The language of § 302(c)(1) plainly and unambiguously prohibits family farmers, who filed for bankruptcy prior to November 26, 1986 under Chapter 11, from converting to Chapter 12.

We know that a number of courts have permitted conversion. *See, In re Big Dry Angus Ranch, Inc.,* 69 B.R. 695 (Bankr.D. Mont.1987); *In re Erickson Partnership,* 68 B.R. 819 (Bankr.D.S.D.1987); *In re Fischer,* 72 B.R. 634, (Bankr.D.Kan.1987); *In re Henderson,* 69 B.R. 982 (Bankr.N.D. Ala.1987); *In re Mason,* 70 B.R. 753 (Bankr.W.D.N.Y.1987). More have not. *See, In re Keinath Bros. Dairy Farm,* 71 B.R. 993 (Bankr.E.D.Mich.1987); *In re Ray,* 70 B.R. 431 (Bankr.E.D.Mo.1987); *In re B.A.V., Inc,* 68 B.R. 411 (Bankr.D.Colo. 1986); *In re Tomlin Farms, Inc.,* 68 B.R. 41 (Bankr.N.N.D.1986); *In re Rossman,* 70 B.R. 985 (Bankr.W.D.Mich.1987); *In re Albertson,* 68 B.R. 1017 (Bankr.W.D.Mo. 1987); *In re Groth,* 69 B.R. 90 (Bankr.D. Minn.1987); *In re Spears,* 69 B.R. 511 (Bankr.S.D.Iowa 1987).

As an aside, we note that on July 24, 1987 the Senate passed a bill (S. 548) which would allow the conversion of Chapter 11 cases pending at the time of enactment to Chapter 12. The bill would modify the language of the Code to reflect the intent of Congress as expressed in the Conference Report. While it appears Congress would allow conversion the statute as written does not now provide for it.

We affirm.