In re John K. KERSHAW, et ux.,
Debtors–Appellants,

v.

Margaret L. BEHM, Trustee–Appellee
(Three Cases).

In re John K. KERSHAW, et ux.,
Debtors (Four Cases).

John K. KERSHAW, et ux.,
Plaintiffs–Appellants,

v.

Margaret L. BEHM,
Defendant–Appellee.

Margaret L. BEHM, Plaintiff,

v.

Kenneth L. DeHART, Defendant.

Margaret L. BEHM, Appellee,

v.

John K. KERSHAW, et ux., Appellants.

Margaret L. BEHM, Trustee,

v.

John K. KERSHAW, et ux., Appellants.

In re John K. KERSHAW, et ux.,
Debtors–Appellants.

Margaret L. BEHM, Trustee,
Plaintiff–Appellee,

v.

John K. KERSHAW, et ux.,
Defendants–Appellants.

Bankruptcy Nos. 383–00432, 383–00432.
Civ. A. Nos. 3:85–0360, 3:87–0377
and 3:87–0553.

United States District Court,
M.D. Tennessee,
Nashville Division.

Jan. 12, 1988.

John K. Kershaw, pro se.

Lisa Cowan, Manier, Herod, Hollabaugh & Smith, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, by designation and assignment.

These are appeals by the debtors Mr. John K. Kershaw and Mrs. Mary N. Kershaw of 8 separate orders entered by the Bankruptcy Court of this District. This Court consolidated all such appeals, to enable it to consider all related issues herein together. *See* order herein of September 28, 1987.

The debtors contend that the Bankruptcy Court erred in finding that there was no basis for finding a breach of duty by the trustee herein, or for removing her and imposing sanctions against Mr. Kershaw the debtor, Rule 9011, Bankruptcy Rules. Although the appellants originally filed for bankruptcy in February, 1983 under Chapter 13 of the Bankruptcy Code, the action was converted to one under Chapter 11 thereof in August of that same year.

In March, 1984 a trustee was appointed by the Bankruptcy Court. In March, 1985 the debtors filed a complaint against the

trustee alleging that she failed to comply with her duties under 11 U.S.C. § 1106, that she jeopardized sales of the bankrupt-property that the debtors were pursuing, and that she failed to be diligent as to filing a plan of reorganization or reports.

The Bankruptcy Court, after a hearing thereon, made the following finding:

As to the trustee's duties under [11 U.S.C. § 1106](a)(3), [to investigate the "acts, conduct, assets, liabilities and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan"], the court finds she has been as diligent as she could be under the circumstances but has been prohibited from doing this because of the debtor's actions. He is, in fact, the master of his own misfortune. He has failed to comply with [11 U.S.C.] § 521 and he has failed to provide the trustee with requested documents, including financial information and information regarding other pending state court actions.

The trustee could have expended a tremendous amount of time and legal expense in a case which has to date generated $250 in estate funds in possession of the trustee, or she could rely on the debtor to comply with his legal duty under the Code and send by mail or drop off at her office the requested documents. She has done exactly what this court would expect of any trustee to conserve the assets of the estate and put their faith in the law.

As to [the trustee's duties under 11 U.S.C.] (a)(5) [to "as soon as practicable, file a plan under section 1121 of this title, file a report of why the trustee will not file a plan, or recommend conversion of the case to a case under Chapter 7 or 13 of this title or dismissal of this case"], it is obvious that the trustee was unable to propose a plan because of the failure of the debtor to turn over the proper and requested information to her. Accordingly, she, certainly within a reasonable time in light of the circumstances, filed a motion to convert the case to one under Chapter 7, but withdrew it when it appeared, through statements of the debtor and his attorney, that a "deal" had been struck or was about to be struck which would sell property of the estate. She thereupon, quite reasonably, withdrew her request. If there is anything the court would fault the trustee on, it is her failure to request conversion again or file a liquidating plan sooner. It is the court's opinion that she has shown Job-like patience and has given the debtor far more time and effort than the conduct of the debtor warrants.

As to the trustee's jeopardizing or in some way undermining sales which the debtor was pursuing, the court finds the proof to be that there was no sale entered into or even imminent. The trustee has done nothing to inhibit the debtor's attempts to sell the estate's property; and the fact is that after more than two years in bankruptcy, the debtor has no contracts, or even options, to sell this property of the estate.

As to whether the trustee has inhibited the debtor from filing a plan, the proof is all to the contrary. The debtor, in fact, has filed two plans: One, according to the testimony, was not confirmed by the court; and the second has not been set for a disclosure statement and confirmation hearing, as a consequence of the debtor's failure to comply with Local Rule 16 to have the matter set. The court would note that, according to the testimony, the debtor has filed an unconfirmable plan of reorganization, because it is predicated on a creditor, who at this time, according to the proof, is unwilling to allow its property to be included in the plan and which property is outside the jurisdiction of this court. To suggest that the court can "cram down" the bank on this issue, as testified to by the debtor, shows the grossest misunderstanding of [11 U.S.C.] § 1129 by an attorney that this court has heard. Any skepticism the trustee has about a successful reorganization is, after listening to the proof, certainly shared by this court.

As to the failure of the trustee to file reports, the court once again notes that the debtor has failed to provide the information which would allow her to do this. This

complaint, created by the debtor's contumacious recalcitrance, points out the absurdity of the debtor's adversary proceeding. The court would note, though, the trustee has filed reports to the best of her ability in light of the lack of cooperation given her by the debtor, which filings the court finds to be in as much compliance with its Local Rules as it would require under the circumstances.

As to the general diligence of the trustee, the court finds that she has been as diligent as possible under the circumstances. She has requested appropriate information from the debtor; she has dealt with the debtor and his attorneys, she has filed actions with this court to ensure that the debtor complies with his responsibilities under the Code; and, she has filed actions with this court to ensure that the debtor complies with his responsibilities to follow the orders of this court.

The proof further reflects that the debtor has completely disregarded the Chapter 11 trustee which the court has placed in his case. He has refused to provide her with requested information; he has failed to make her aware of his efforts to sell property of the estate; he has failed to make those with whom he was negotiating to sell property of the estate aware that she was the trustee in his Chapter 11 case; and, he has expended monies of the estate, not only without authorization of the trustee but without even notifying her.

Each of the immediately foregoing findings is supported by the record, is not clearly erroneous, and is accepted by this Court. Rule 8013, Bankruptcy Rules.

■ In determining whether the trustee violated her fiduciary obligations and duties to the debtors, "[t]he applicable standard is the exercise of due care, diligence and skill both as to affirmative and negative duties. * * * The measure of care, diligence and skill required of a trustee is that of 'an ordinarily prudent man in the conduct of his affairs under similar circumstances and with a similar object in view.' Mistakes in judgment cannot be the basis of a trustee's liability in his official capacity." *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 461 (6th Cir.1982). The proof in this record demonstrates that the trustee passed muster comfortably under this standard; accordingly, this Court concludes there was no error in the Bankruptcy Court's finding, that there was no basis for finding a breach of duty by the trustee or for removing her.

The Bankruptcy Court further held that: "Inasmuch as the debtor filed an action complaining about a breach of fiduciary duties without even remotely proving a breach and requested damages in the amount of $400,000 without proving any damages, the court feels this is an appropriate case for sanctions under Rule 9011, [Bankruptcy Rules]."

When determining whether sanctions under Rule 9011, *supra*, are appropriate, "[t]he focus of the inquiry is whether a competent attorney, *after reasonable inquiry*, could have formed a reasonable belief that the pleading was well grounded in fact or warranted by existing law of a good faith extension of such law." *In re Usoskin*, 61 B.R. 869 (Bank.E.D.N.Y.1986), citing *Kamen v. American Telephone & Telegraph Co., et al.,* 791 F.2d 1006, 1010, 1012 (2d Cir.1986).

■ This Court concludes that the Bankruptcy Court did not abuse its discretion in imposing sanctions in this instance. The record supports its findings, that the debtors did not prove even remotely a breach of fiduciary duty by the trustee.

Counsel for the debtors conceded during opening remarks at the hearing on this issue that the debtors were in no position to prove the monetary damages they were seeking at that time. Indeed, no proof was presented relative to the damages sought. Under these circumstances, the Court cannot find that counsel for the debtors formed a reasonable belief that the complaint against the trustee was "grounded in fact or warranted by existing law or a good faith extension of such law." *Id.*

The debtors-appellants claim also that the Bankruptcy Court erred in dismissing the debtors' second complaint against the trustee for the failure to state a claim upon

which relief could be granted, Rule 12(b)(6), F.R.Civ.P., in that: (1) matters raised in the complaint were barred by *res judicata* and collateral estoppel; (2) matters raised in the complaint were proper matters for appellate review, and (3) there was no foundation for the debtors' claim that the Bankruptcy Court is not a constitutional court. The debtors also challenge the sanctions imposed upon them and their counsel.

A review of the record herein reveals that all of the allegations contained in the second complaint filed against the trustee were either (a) litigated in the first suit, or (b) might have been litigated but were not and, thus, were barred by the doctrine of *res judicata.* "The term 'res judicata' when used in its general sense, embraces two concepts: 'issue preclusion' and 'claim preclusion.' When an issue has already been litigated in a former suit, and the former suit precludes the relitigation of that issue in a present suit, the preclusive effect is referred to as 'issue preclusion.' When an issue might have been litigated in a former suit but was not, and the former suit precludes the litigation of that issue in a present suit, the preclusive effect is referred to as 'claim preclusion.' " *Leal v. Krajewski*, 803 F.2d 332, 334 (7th Cir.1986).

The debtors contend, however, that the Bankruptcy Court failed to address specifically each and every duty included in 11 U.S.C. § 1106, *supra*, in the first action filed against the trustee. They argue that the principle of *res judicata* would not apply to those claims.

■ It is true that in the finding of fact the Bankruptcy Court failed to address specifically the duties contained in 11 U.S.C. §§ 1106(a)(1), (4). However, this record reflects that the duties included in §§ (a)(1), (4), *supra*, were litigated at the hearing after which the Bankruptcy Court found that the trustee had complied with all of her duties, which included those contained in §§ (a)(1), (4), *supra.* The record supports the inference [1] that the Bankruptcy Court found in the first action against the

trustee that such trustee did not breach her duties as outlined in 11 U.S.C. §§ 1106(a)(1), (4), *supra*, and, therefore, properly dismissed the second action on the ground of *res judicata.*

The Bankruptcy Court's finding that certain matters in the second complaint against the trustee should be addressed properly on appeal is supported by the record and is not clearly erroneous. Rule 8013, Bankruptcy Rules. Further, such Court did not err in its finding that there was no foundation of law for the debtors' claims that such court is not a constitutional court, as the constitutionality of such Bankruptcy Court was upheld in *In re Production Steel, Inc.*, 48 B.R. 841 (D.C.Tenn. 1985).

■ The Court finds additionally that the Bankruptcy Court did not err in imposing sanctions against the debtors and their counsel for the filing of the second complaint against the trustee under Rule 9011, Bankruptcy Rules, *supra.* Such attorney represented the debtors in the first suit against the trustee and, thus, was aware that the issues presented in the second complaint had previously been litigated in the first action against the trustee. This issue has no merit.

The next issue presented by the debtors-appellants is whether the Bankruptcy Court erred in authorizing the trustee to employ and appoint a real estate agent for the purpose of selling the debtors' property located in Dickson County, Tennessee. The debtors' action herein was converted from one under Chapter 11 of the Bankruptcy Code to one under Chapter 7 of such code on September 17, 1985. The Chapter 11 trustee was ordered to remain and serve as a Chapter 7 trustee.

While such conversion order was appealed, the appeal was dismissed due to the debtors' failure to file timely a notice of appeal. The debtors appealed that dismissal to the United States Court of Appeals for the 6th Circuit, where such order of

---

1. While "[t]his Court must accept the findings of fact of the Bankruptcy Judge unless they are clearly erroneous, * * * [it] is free to draw

inferences from undisputed facts." *In re Brett*, 460 F.Supp. 873, 875 (D.C.Va.1978).

dismissal was affirmed. Thus, such conversion order is final.

Under 11 U.S.C. § 327, "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the [trustee's] duties * * *." The debtors have failed to show that the trustee did not follow the correct procedures[2] for seeking the appointment of the real estate agent, and there has been no further showing that the Bankruptcy Court abused its discretion in ordering such appointment. This issue also lacks merit.

■ The debtors-appellants insist that the Bankruptcy Court erred in denying the discharge of the debtor Mr. Kershaw pursuant to 11 U.S.C. § 727(a)(2), and/or (6). 11 U.S.C. § 727(a)(2) reads as follows:

The court shall grant the debtor a discharge, unless—

   *     *     *     *     *     *

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

11 U.S.C. § 727(a)(6) reads as follows:

The court shall grant the debtor a discharge, unless—

   *     *     *     *     *     *

(6) the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

The Bankruptcy Court, after a hearing on this issue, held:

The court finds that John K. Kershaw has failed to comply with the turnover order issued by Judge Lundin in Febru-ary, 1985, and has further failed to comply with this court's order of June 10, 1985 requiring the debtors to provide restitution of all monies derived from land and/or real estate contracts in which they had an interest which had been received by them since the February 5th hearing with five (5) days of May 22, 1985. The court further finds that earlier orders of this court demonstrate that the debtor John K. Kershaw has taken $2,000 to $3,000 out of his bank account because he was afraid the trustee would get it. Finally the court finds that the debtor John K. Kershaw has failed to comply with [11 U.S.C.] § 521 of the Bankruptcy code as set forth in this court's order of July 31, 1985.

"[I]t is totally within the discretion of the bankruptcy Court to find a violation of the court's order so serious as to require denial of discharge." *In re Devers*, 759 F.2d 751, 755 (9th Cir.1985). In light of the above finding, which is supported by the record and not clearly erroneous, and therefore must be accepted by this Court, Rule 8013, Bankruptcy Rules, this Court concludes that the Bankruptcy Court did not abuse its discretion in denying the discharge. This issue is likewise without merit.

The next issue for consideration is whether the Bankruptcy Court erred in denying the discharge of the debtor-appellant Mrs. Mary Kershaw. Such Court denied the discharge of Mrs. Kershaw on the same basis that it denied the discharge of Mr. Kershaw. For the same reasons, this issue has no merit.

It is contended by the debtors-appellants that the Bankruptcy Court erred in denying the debtor's Mrs. Mary Kershaw's motion for a new trial on the issue of her discharge. "The granting or denying of a motion for a new trial is within the discretion of the trial judge." *Mooney v. Henderson Portion Pack Co.*, 339 F.2d 64, 66 (6th Cir.1964). There is nothing in this record to indicate that the Bankruptcy Court abused its discretion in denying Mrs.

---

**2.** Rule 2014, Bankruptcy Rules, sets-out the procedure whereby the trustee may file an application for the employment of professional persons.

Kershaw's motion for a new trial. This issue, thus, is meritless.

 They claim further that the Bankruptcy Court erred in denying the debtors' motion to convert their action from a proceeding under Chapter 7 of the Bankruptcy Code to a proceeding under Chapter 12 of such code. Such Court based its denial of the motion to convert on the holding in *In re Council*, 70 B.R. 20 (Bank.W.D.Tenn. 1987). In that proceeding, it was ruled that bankruptcy actions commenced prior to November 26, 1986, the effective date of the Bankruptcy Judges, United States Trustees and Family Farmer Bankruptcy Act of 1986, (which created Chapter 12 actions), cannot be converted to Chapter 12 actions. Such Court held that:

> § 302(c)(1) of the 1986 Act expressly provides * * * that the New Chapter 12 amendments relating to family farmers do *not* apply to cases commenced before the effective date of the 1986 Act. Specifically, § 302(c)(1) of the 1986 Act provides as follows:
>
> "*Amendment Relating To Family Farmers* —(1) The amendments made by subtitle B of Title II shall not apply with respect to cases commenced under Title II of the United States Code before the effective date of this Act."
>
> \*   \*   \*   \*   \*   \*

*Collier on Bankruptcy*, Special Supplement, regarding the 1986 Act, provides at C–8 as follows:

> "The amendments relating to family farmers (Subtitle B of title II) do not apply to cases commenced before the effective date of the Act (30 days after October 27, 1986) (§ 302(c)(1)). This includes the conversion provisions of §§ 706, 1112 and 1307; *thus a pending case cannot be converted to Chapter 12.*" (emphasis added.)

*Id.*, at 21.

This Court concludes that the holding in *In re Council, supra,* is sound and that the Bankruptcy Court of this District relied correctly upon such case in denying the debtors' motion to convert.[3] This issue therefore has no merit.

Whether the Bankruptcy Court erred in approving the sale of the debtors' property located in Dickson County, Tennessee is MOOT. A hearing was held on this issue on March 24, 1987, after which the Bankruptcy Court held that the sale of such property should be approved and that such sale should be held on April 25, 1987 if the pertinent title-problems were resolved. The Court below held further that, if such title-problems were not resolved within a week, it would allow the property to be sold anytime within the next 120 days.

As of November 4, 1987, the subject-property had not been sold because the title-problems persist. As the time-restrictions imposed upon the appealed order of sale herein expired without a sale having taken place, the issue has been rendered MOOT.

As none of the issues herein have merit, the judgment of the Bankruptcy Court in all aspects hereby is

AFFIRMED.

---

**3.** The debtors are further barred from converting their Chapter 7 action to a Chapter 12 action due to the fact that they previously converted their action from a chapter 13 to a chapter 11, and then from a chapter 11 to a chapter 7, pursuant to 11 U.S.C. §§ 1112, 1307. *See* 11 U.S.C. § 706(a).