In re John K. KERSHAW, et ux.,
Debtors–Appellants,

v.

Margaret L. BEHM, Trustee–Appellee.

Civ. A. No. 3:88–0016.
Bankruptcy No. 383–00432.

United States District Court,
M.D. Tennessee,
Nashville Division.

Sept. 1, 1988.

John K. Kershaw, pro se.

B. Gail Reese and Lisa Cowan, Manier, Herod, Hollabaugh & Smith, Nashville, Tenn., for trustee-appellee.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge.

The debtors appealed from an order of November 18, 1987 of the Bankruptcy Court of this District. They claim that such Court erred in (1) denying their motion to revise and correct its various prior orders and to rescind sanctions imposed previously; (2) denying their motions to modify its record relating to several appeals pending in this Court; and (3) finding that their objections to the trustee's proposed sale of certain real estate were irrelevant.

With regard to the debtors' motion to "revise and correct [the Bankruptcy Court's] orders and procedures," claiming that such orders "denied [them] due consideration of a Plan and rehabilitation," such Court found that:

> [T]he genesis of the motion requires reconsideration of this Court's order converting the case from one under Chapter 11 [of the Bankruptcy Code] to one under Chapter 7 [of such Code]. That order was appealed and affirmed by both the United States District Court for the Middle District of Tennessee and the United States Court of Appeals for the Sixth Circuit.

Such finding is not clearly erroneous and is accepted by this Court. Rule 8013, Bankruptcy Rules.

 Given such finding, such Bankruptcy Court did not err in denying the debtors' pertinent motion. With regard to the debtors' claim, that the Bankruptcy Court erred in refusing to rescind its previously imposed sanctions, this Court found in a prior appeal by the debtors that such sanctions were imposed properly; * consequently, the refusal of such Court to rescind such sanctions did not constitute error or an abuse of its discretion.

 The debtors' claims herein, that such Bankruptcy Court erred in denying

their motion to modify the record and in finding that their objections to the trustee's proposed sale of real estate were irrelevant, are moot. The appeals for which the debtors requested the modified record pend no longer in this Court.

 Additionally, the sale to which the debtors objected took place on December 12, 1987. A stay of such sale was (apparently) not obtained; therefore, "the validity of the' sale cannot be altered on appeal. This renders the appeal in this Court * * * moot." *In Re the Charter Co.*, 829 F.2d 1054, 1056[2] (11th Cir.1987).

As none of the issues raised herein by the debtors have merit, the judgment of the Bankruptcy Court hereby is

AFFIRMED.

---

* See *In re: John K. Kershaw, et ux.*, debtors-appellants, v. *Margaret L. Behm*, trustee-appellee, civ. act. nos. 3:85–1360, 3:85–1421, 3:86–0266, 3:86–0790, 3:86–0935, 3:86–1001, 3:87–0377, 3:87–0553, op. rend. January 12, 1988, 81 B.R. 897, 900 (Actions consolidated by order therein of September 28, 1987.)