## In re ERICKSON PARTNERSHIP, Ronald Erickson and Lonna Erickson, Debtors.

## UNITED STATES of America, Through FARMERS HOME ADMINISTRATION, Appellants,

### v.

## ERICKSON PARTNERSHIP, Ronald Erickson and Lonna Erickson, Appellees.

### No. 87–5348.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1988.

Decided Sept. 7, 1988.

Dwight G. Rabuse, Washington, D.C., for appellants.

Jonathan K. Van Patten, Vermillion, S.D., for appellees.

Before JOHN R. GIBSON and BEAM, Circuit Judges, and DUMBAULD,* Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

The issue before us is whether a Chapter 11 bankruptcy, already pending at the time Chapter 12 became effective, can be converted to a Chapter 12 proceeding. The Bankruptcy Judges, United States Trustees and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, 100 Stat. 3088, creating Chapter 12, expressly provides that such cases may not be converted. The bankruptcy court and district court allowed the conversion. Farmers Home Administration, a creditor, appeals and we must reverse.

---

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

The Erickson Partnership, whose partners were individual farmers, and Ronald and Lonna Erickson filed for Chapter 11 bankruptcy relief on May 29, 1986. The bankruptcy laws were amended on October 27, 1986 by the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554 (the 1986 Act), making available a new Chapter 12 for family farmers, but the amending Act provided that Chapter 12 would not be available in cases filed before the Act's effective date. *Id.* at § 302(c).[1] The debtors nevertheless moved to convert their case to Chapter 12. The bankruptcy court allowed the conversion, relying on language in the legislative history, *In re Erickson Partnership*, 68 B.R. 819 (Bankr. D.S.D.1987), and the district court affirmed. *In re Erickson Partnership*, 74 B.R. 670 (D.S.D.1987). This appeal by Farmers Home Administration, a creditor, then followed.

The parties agree that the language of the Act unambiguously precludes conversion of a Chapter 11 case pending before November 26, 1986 to a Chapter 12 proceeding. However, the bankruptcy court and the district court permitted the debtors to convert to Chapter 12 because of language in the Conference Report on H.R. 5316, the bill that became the 1986 Act. The Conference Report included a version of the bill containing the language at issue here, together with a "Joint Explanation Statement of the Committee of Conference," 132 Cong.Rec. H8986, H8998 (daily ed. Oct. 2, 1986), which stated:

### Applicability of Chapter 12 to Pending Chapter 11 and 13 Cases

It is not intended that there be routine conversion of Chapter 11 and 13 cases, pending at the time of enactment, to Chapter 12. Instead, it is expected that courts will exercise their sound discretion in each case, in allowing conversions only where it is equitable to do so.

Chief among the factors the court should consider is whether there is a substantial likelihood of successful reorganization under Chapter 12.

Courts should also carefully scrutinize the actions already taken in pending cases in deciding whether, in their equitable discretion, to allow conversion. For example, the court may consider whether the petition was recently filed in another chapter with no further action taken. Such a case may warrant conversion to the new chapter. On the other hand, there may be cases where a reorganization plan has already been filed or confirmed. In cases where the parties have substantially relied on current law, availability to convert to the new chapter should be limited.

*Id.* at H8999. This language obviously contemplates the possibility of converting pending cases to Chapter 12. However, section 302 expressly contradicts this and nothing in the text of the Act itself indicates that such cases may be converted. In short, the courts below did not use the legislative history to interpret section 302, but to preempt it.

The debtors argue that precluding conversion of pending cases defeats the purpose of the 1986 Act, pointing to legislative history indicating that the Act was meant to give relief to farm families in economic crisis. *See, e.g.,* 132 Cong.Rec. H9001 (daily ed. Oct. 2, 1986) (remarks of Mr. Synar). However, the purpose of giving farm families relief is not inconsistent with a decision to make the provisions of the new chapter available only in cases filed after the effective date of the Act. Congress could rationally have chosen to avoid disrupting the progress of pending cases, while finding it preferable to change the law governing future cases. *Cf. Central Trust Co. v. Official Creditors' Committee,* 454 U.S. 354, 102 S.Ct. 695, 70 L.Ed.2d 542 (1982) (holding that the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549,

---

1. Section 302(c)(1) of the 1986 Act provides that: "(1) The amendments made by subtitle B of title II shall not apply with respect to cases commenced under Title 11 of the United States Code before the effective date of this Act." The new Chapter 12, "Adjustment of Debts of a Family Farmer with Regular Annual Income," was created by subtitle B of Title II of the Act. The effective date of the Act was November 26, 1986. Section 302(a).

precluded dismissal of cases pending before enactment of the Reform Act in order to refile under the Act). Congress' general intent to give farm families relief does not give rise to an inference that all farm families must have the benefit of the new law, despite the law's clear mandate to the contrary. "The 'plain purpose' of legislation * * * is determined in the first instance with reference to the plain language of the statute itself. Application of 'broad purposes' of legislation at the expense of specific provisions ignores the complexity of the problems Congress is called upon to address and the dynamics of legislative action." *Board of Governors v. Dimension Financial Corp.*, 474 U.S. 361, 372–75, 106 S.Ct. 681, 688–89, 88 L.Ed.2d 691, 701–03 (1986) (citations omitted).

Aside from the question raised by the legislative history, there is no ambiguity in the statute, no inconsistency between the language in question and any other language in the Act, and no irrational result created by the plain language of the statute. "Legislative history can be a legitimate guide to a statutory purpose obscured by ambiguity, but '[i]n the absence of a "clearly expressed legislative intention to the contrary," the language of the statute itself "must ordinarily be regarded as conclusive." ' Unless exceptional circumstances dictate otherwise, '[w]hen we find the terms of a statute unambiguous, judicial inquiry is complete.' " *Burlington Northern R.R. Co. v. Oklahoma Tax Comm'n*, 481 U.S. 454, ——, 107 S.Ct. 1855, 1860, 95 L.Ed.2d 404, 412 (1987) (citations omitted). *Accord, TVA v. Hill*, 437 U.S. 153, 184 n. 29, 98 S.Ct. 2279, 2296 n. 29, 57 L.Ed.2d 117, 140 n. 29 (1978); *Sierra Club v. Clark*, 755 F.2d 608, 615 n. 9 (1985). The mere fact that statutory provisions conflict with language in the legislative history is not an exceptional circumstance permitting a court to apply the legislative history rather than the statute. *E.g. Eagle–Picher Industries v. EPA*, 759 F.2d 922, 929 n. 11 (D.C.Cir.1985) ("We thus are faced with a conflict between the language and structure of the statute, on the one hand, and one portion of its legislative history on the other. It is clear to us that

when such a conflict exists, the statute must control."); *Edwards v. Valdez*, 789 F.2d 1477, 1481–82 (10th Cir.1986).

Most courts considering this problem have agreed that section 302 itself and not the legislative history governs. *See, e.g., In re Clarke*, 78 B.R. 1008 (9th Cir.B.A.P. 1987); *In re Solomon*, 72 B.R. 506 (Bankr. E.D.Ark.1987); *In re Ray*, 70 B.R. 431 (Bankr.E.D.Mo.1987); *In re Groth*, 69 B.R. 90 (Bankr.D.Minn.1987); *In re Albertson*, 68 B.R. 1017 (Bankr.W.D.Mo.1987); *In re Tomlin Farms, Inc.*, 68 B.R. 41 (Bankr.D. N.D.1986).

The debtors cite *In re Adamo*, 619 F.2d 216 (2d Cir.1980), in which the court varied the language of a section of the Bankruptcy Reform Act of 1978 because the court decided the section was included by mistake. *Adamo* is distinguishable for several reasons, but primarily because the section held to be a mistake contradicted other language in the same act. One provision of the Bankruptcy Reform Act provided that the Act should not affect cases pending before the Act was passed, but another section repealed the provisions for nondischargeability of student loans for cases pending before enactment of the BRA. This conflict in the Act's provisions, together with other compelling evidence of a mistake, convinced the court not to apply the plain language of the repeal section.

The debtors urge that statements of legislators subsequent to the 1986 Act indicate that the language of section 302 precluding conversion of pending cases was the result of a congressional oversight. The debtors cite the statement of Senator Charles Grassley, who introduced legislation to allow debtors in cases pending at the time of the 1986 Act to convert to Chapter 12. Senator Grassley referred to the preclusion of such conversion by section 302 as an oversight in the Family Farmer Bankruptcy provisions of Pub.L. No. 99–554. 133 Cong.Rec. S2273–76 (daily ed. Feb. 19, 1987). *Accord*, 133 Con.Rec. E544 (daily ed. Feb. 19, 1987) (remarks of Hon. Tony Coelho introducing identical legislation in the House, also characterizing preclusion of conversions as mistake). Although the

Senate has passed one such bill, S. 548, 133 Cong. Rec. S10666–72 (daily ed. July 24, 1987), the House has not acted on that bill. As we have recently reiterated, "[T]he views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one," *Sierra Club*, 755 F.2d at 617 (quoting *Consumer Product Safety Comm'n v. GTE Sylvania*, 447 U.S. 102, 117–18, 100 S.Ct. 2051, 2061, 64 L.Ed.2d 766, 778 (1980) (quoting *United States v. Price*, 361 U.S. 304, 313, 80 S.Ct. 326, 331–32, 4 L.Ed.2d 334, 340 (1960))). This rule is especially true here, since the fact that Congress has not passed a corrections bill suggests that a majority of the Congress may not favor the proposed "correction."

In light of the plain language of section 302, we have no choice but to reverse the district and bankruptcy courts, and remand for further proceedings consistent with this opinion.